## A99A0793. BAIN v. THE STATE.
### (521 SE2d 832)

RUFFIN, Judge.

A jury found Tracy Lynn Bain guilty of criminal trespass by scratching the paint on the side of a vehicle. Bain appeals, arguing that the evidence was insufficient to support her conviction and that the trial court erred in admitting evidence of her threats against a witness for the State. Finding no error, we affirm.

1. The standard of review governing challenges to the sufficiency of the evidence following a criminal conviction is as follows:

> [T]he evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998).

Viewed in the light most favorable to the verdict, the evidence showed as follows. On the afternoon of December 5, 1997, someone scratched the paint on the side of a GMC Yukon truck belonging to Rick Garland, the owner of Garland Sales, a rug manufacturer in Whitfield County. Around noon that day, Linda Haley and Tracy

Durden, former employees of Garland Sales, came by the Garland Sales office to retrieve their paychecks. According to Teresa Ensley, Human Resources Manager at Garland Sales, it is company policy that paychecks are not available until after 2:30 p.m. Ensley told Haley and Durden that their checks were not ready, and the women grew angry and left.

At approximately 2:30 that afternoon, Garland arrived at work and parked his truck in front of the entrance to the office, about ten to fifteen feet from the building. Shortly thereafter, Haley and Durden returned to the office to pick up their paychecks, parking their car directly behind Garland's truck. With them was a third woman, Tracy Bain, who did not work at Garland Sales. Ensley and Pamela Phelps, another office employee at Garland Sales, testified that Bain appeared to be drunk, as her speech was unclear and she was stumbling and bumping into things. Ensley gave Haley and Durden their checks, and they returned to the car.

Bain asked to use the restroom, which was reserved for the four women who worked in the front office, and Phelps agreed. Bain remained in the restroom for what appeared to be a long time. Upon emerging, she told Phelps and Ensley that she had thrown up and "made a mess." Bain then left the building, walking past Garland's truck on her way out to the car. As she left, Bain laughed and lifted her shirt up as if showing something to the women waiting in the car.

Phelps and Ensley went into the restroom to see if Bain had cleaned up the restroom. They discovered tampons and broken cosmetics strewn on the floor, and they noticed that several items, including a curling iron and some baby clothes, were missing. Both Phelps and Ensley testified that they had used the restroom within the previous 30 minutes and that it had been clean and no items were missing. Ensley testified that no one else had used the restroom during that period.

After inspecting the restroom, Ensley ran out the front door of the office to stop the women, but they were already driving away. Ensley then returned to the office and began to tell Garland what had happened. At that point Garland's son, Ricky Garland, entered the office and announced that someone had scratched his father's truck. Garland testified that Ricky delivered this news approximately five to ten minutes after Garland parked at the office. Garland further testified that the scratch marks were not present when he arrived, and Ricky testified that the marks had not been there when he saw his father's truck that morning. None of the witnesses who testified actually saw the truck being scratched. Garland testified that the cost of repairing the scratches was between $200 and $300.

Monica Manis, an acquaintance of Bain's who works at Garland

Sales, testified that she saw Bain at the Golden Gallon, a local business, later that day. According to Manis, Bain bragged that she had scratched Garland's truck, saying that she had "keyed the hell out of the S.O.B." Linda Ralston, another employee of Garland Sales who is acquainted with Bain, testified that she saw Bain the following afternoon at the Golden Gallon. According to Ralston, Bain said, "Have you seen what I done to your bossman's truck — or heard about what I done to your bossman's truck?" Ralston, who had left work the previous day before the incident, replied that she had not. Bain said that she had "keyed the f—k out of it." Ralston testified that Bain's statement was the first time she learned about the scratches on Garland's truck.

The essential elements of criminal trespass include (1) intentional damage to the property of another, (2) without the other person's consent, (3) resulting in damage of $500 or less. OCGA § 16-7-21 (a). The evidence that Bain bragged to two acquaintances about having "keyed" the truck, coupled with the strong circumstantial evidence discussed more fully below, was sufficient to authorize the jury's verdict. See *In the Interest of R. L. W.*, 225 Ga. App. 253, 254-255 (2) (483 SE2d 361) (1997).[1]

Bain argues that the testimony of Manis and Ralston must be discounted because both witnesses admitted that criminal charges were pending against them in Whitfield County. Both women also testified, however, that no one from law enforcement talked to them about their charges or promised them anything in exchange for testifying against Bain. In addition, Ralston testified that Bain made several threats against her after learning that she planned to testify. Specifically, Bain said that she could report Ralston to the Department of Family & Children Services, that she could "do to [Ralston] what [she] done to her brother one time," and that she knew Ralston was on probation. Both Ralston and Manis testified that they did not want to be in court. Notwithstanding the pending charges against Manis and Ralston and their status as employees of Garland, the jury chose to believe them. Credibility determinations are solely within the province of the jurors, and we will not disturb such determinations on appeal. *Williams v. State*, 227 Ga. App. 147, 148 (1) (488 SE2d 708) (1997).

---

[1] Bain maintains that the evidence of her guilt was purely circumstantial. We disagree. Bain's statements to Ralston and Manis that she "keyed" Garland's truck constituted confessions, as they were " '[a]n admission of the main fact, from which the essential elements of the criminal act charged may be inferred.' " (Punctuation omitted.) *Sanford v. State*, 153 Ga. App. 541, 543 (4) (265 SE2d 868) (1980); see also *Piefer v. State*, 228 Ga. App. 385, 386 (1) (491 SE2d 836) (1997) (defendants' bragging statements to friends about committing armed robbery were "confession[s] to others"). As such, Bain's statements were direct evidence of her guilt. *Yarn v. State*, 265 Ga. 787, 788 (2) (462 SE2d 359) (1995).

Bain also argues that her alleged statements to Ralston and Manis were insufficient to sustain her conviction absent corroborating evidence of her guilt. Where the State relies on a defendant's confession, the State must introduce "additional evidence which corroborates it." *Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998); see also OCGA § 24-3-53. We reject Bain's contention that the State failed to present such evidence.

Although no witness saw Bain damage the truck, there was strong circumstantial evidence linking her to the crime. Based on Garland's testimony, it appeared that the truck was scratched during a ten-minute period from the time Garland arrived at work and the time his son informed him of the damage. Both Phelps and Ensley testified that Bain walked past Garland's truck during this period, and Ensley stated that she saw Bain near the truck. Bain's companions reportedly were angry that their paychecks were not available sooner, giving Bain a possible motive for damaging the truck. In addition, Phelps and Ensley testified that Bain created a mess and took items from the restroom just before leaving, suggesting a destructive state of mind. This circumstantial evidence was sufficient to corroborate Bain's confessions. See *Stowers v. State*, 205 Ga. App. 518-519 (1) (422 SE2d 870) (1992) (defendant's admission to certain facts of crime, coupled with circumstantial evidence, was sufficient to support conviction).

2. In her second enumeration of error, Bain contends that the trial court erred by admitting evidence of her threats against Ralston. Bain argues that the alleged threats were character evidence unrelated to the criminal trespass. However, we have held that "[a]ny statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against [her] upon [her] trial for committing it." (Punctuation omitted.) *Conner v. State*, 160 Ga. App. 202, 203 (4) (286 SE2d 441) (1981) (evidence that defendant procured a "hitman" to kill accomplice and co-indictee who planned to testify against him was properly admitted); see also *Payne v. State*, 152 Ga. App. 471, 473 (3) (263 SE2d 251) (1979); *Smith v. State*, 142 Ga. App. 1, 3-4 (4) (234 SE2d 816) (1977). Accordingly, the trial court did not err in admitting the evidence of the threats.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 24, 1999.

*Coppedge, Leman & Ward, David L. McGuffey*, for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.