## A02A0843. GIBBS v. THE STATE.
(570 SE2d 360)

RUFFIN, Judge.

A jury found Bennie Frank Gibbs guilty of voluntary manslaughter.[1] On appeal, Gibbs challenges the sufficiency of the evidence. Gibbs also asserts that the trial court erred in charging the jury. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, we construe the evidence in the light most favorable to support the jury's verdict.[2] So viewed, the evidence shows that in the early morning of June 30, 1999, Gibbs drove a company truck to pick up his co-workers, George Jackson, Charlie Gibbs, Monroe Fair, and Walter Battle. Battle entered the truck, carrying a can of ravioli. Gibbs told Battle, who was running late, that he would leave without Battle the next time. Evidently, this angered Battle. According to Jackson, Battle told Gibbs that "if [Gibbs] stopped the truck, he was going to beat [Gibbs]." Gibbs responded, "[i]f I stop this truck, we are going to see who is going to beat one another." Gibbs then pulled the truck over, and the two men exited the truck — Battle with his can of ravioli and Gibbs with a handgun.

After Battle picked up an oil can from the back of the truck, Gibbs fired a shot into the ground to frighten him.[3] Battle put the oil can down and came toward Gibbs, motioning as if to throw the can of ravioli. Gibbs, who could not tell what Battle was carrying, threatened to shoot him if he raised whatever he had in his hand. Gibbs then shot Battle in the neck, fatally wounding him.

At trial, Gibbs testified that he did not intend to shoot Battle. According to Gibbs, as Battle prepared to throw something at him, he threw his hands into the air to protect himself, and the gun accidentally discharged.

Gibbs argues that this evidence is insufficient to sustain his conviction for voluntary manslaughter. We disagree. Pursuant to OCGA § 16-5-2 (a),

> [a] person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible pas-

---

[1] The jury also found Gibbs guilty of felony murder and aggravated assault. As the jury also found him guilty of voluntary manslaughter, the trial court properly sentenced Gibbs only on this lesser included offense. See *Edge v. State*, 261 Ga. 865, 866-867 (2) (414 SE2d 463) (1992).

[2] See *Covington v. State*, 251 Ga. App. 849 (555 SE2d 204) (2001).

[3] The actual timing of the event is unclear. According to Fair, Gibbs fired the first shot before Battle picked up the oil can.

sion resulting from serious provocation sufficient to excite such passion in a reasonable person.

Under the circumstances, the jury was authorized to conclude that Battle provoked Gibbs into intentionally firing the second shot.[4] Contrary to Gibbs' contention, the jury was not required to believe his self-serving testimony that the shooting was an accident.[5] This is especially true given the expert testimony of a firearm examiner that, to fire the gun, Gibbs would have had to cock the hammer and apply over fifteen pounds of pressure to the trigger, which is over three times the trigger pressure for the average handgun.

2. In a separate enumeration of error, Gibbs contends that the trial court erred in refusing to instruct the jury on the lesser included offense of involuntary manslaughter. Again, we disagree.

A trial court must give a requested jury instruction on a lesser offense if "even the slightest evidence shows that the defendant may be guilty of a lesser included offense."[6] However, this rule "does not obviate the necessity that the evidence actually warrant the requested charge."[7] Here, Gibbs testified that the shooting was accidental. Thus, the jury was authorized to conclude either that Gibbs intentionally shot Battle, in which case Gibbs is guilty of voluntary manslaughter, or that the gun discharged accidentally, in which case Gibbs is guilty of no crime. "Where the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense."[8] It follows that the trial court did not err in refusing to charge the jury on the lesser included offense of involuntary manslaughter.[9]

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED AUGUST 14, 2002.

*Robert R. McLendon IV*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.

---

[4] See *Riley v. State*, 250 Ga. App. 427, 428-429 (1) (551 SE2d 833) (2001).
[5] See *Blackford v. State*, 251 Ga. App. 324, 325-326 (1) (554 SE2d 290) (2001).
[6] *Moses v. State*, 264 Ga. 313, 315 (2) (444 SE2d 767) (1994).
[7] Id.
[8] (Punctuation omitted.) *Martin v. State*, 268 Ga. 682, 685 (7) (492 SE2d 225) (1997).
[9] See id.