A05A0709. FITZPATRICK v. THE STATE.
(611 SE2d 95)

BLACKBURN, Presiding Judge.

Following his conviction for theft by shoplifting[1] and the denial of his motion for new trial, Reegence Fitzpatrick appeals, arguing that the trial court erred in denying his motion for directed verdict of acquittal because the evidence was insufficient to support his conviction. Finding the evidence sufficient, we affirm.

---

[1] OCGA § 16-8-14.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. A motion for a directed verdict in a criminal case should only be granted when there is *no conflict* in the evidence and the evidence demands a verdict of acquittal as a matter of law. Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict, [Fitzpatrick] no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the evidence, and does not judge the credibility of the witnesses.

(Emphasis in original.) *Helton v. State*.[2]

So viewed, the evidence shows that on June 30, 2000, Bran Patterson, a loss prevention officer at Wal-Mart, was standing in the jewelry department of the store when he saw Fitzpatrick enter the store empty-handed. Fitzpatrick came down the main aisle to the jewelry department at the back of the store and spent five to ten minutes in that department. Patterson then followed Fitzpatrick to the electronics department. Fitzpatrick spent another five to ten minutes looking at DVD players, then picked up a blue Panasonic DVD player, put it under his arm, and walked to the front of the store.

Fitzpatrick passed the registers at the electronics department, the sporting goods department, and those at the front of the store without stopping to pay for the DVD player; instead, he went to the customer service desk and obtained a refund of $219.97 in cash for the DVD player. Patterson stopped Fitzpatrick as he was leaving the store and asked him to come to his office to talk about the DVD player. After determining through the computer that a DVD player with identification numbers matching those on the Panasonic DVD player Fitzpatrick had taken had not been sold in the last two months, Patterson called the police, who arrested Fitzpatrick for shoplifting.

This evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Fitzpatrick was guilty of the crime of theft by shoplifting. Fitzpatrick argues that the evidence was insufficient to support his conviction because he presented a reasonable defense while the State's case was based only on Patterson's testimony, which contained contradictions. "This argument misperceives the law. Under OCGA § 24-4-6, only when the evidence is entirely circumstantial must the evidence exclude every other reasonable

---

[2] *Helton v. State*, 268 Ga. App. 430, 431 (1) (602 SE2d 198) (2004).

hypothesis except that of the guilt of the accused. Here, the evidence consisted of . . . direct evidence, in particular, the direct testimony of an eyewitness to the [shoplifting]." (Citation omitted.) *Patterson v. State.*[3] Moreover, we have examined the record and have found no contradictory statements in Patterson's testimony.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 25, 2005.

*Kristy F. Locke, Nicholas E. White,* for appellant.
*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General,* for appellee.

