A05A0629. CLARK v. THE STATE.
(611 SE2d 741)

BLACKBURN, Presiding Judge.

Following his conviction of burglary[1] and giving a false name to a law enforcement officer,[2] and the denial of his motion for new trial, Benny Lee Clark appeals, arguing that the trial court erred in admitting similar transaction evidence. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that in the daylight hours of July 21, 2000, Tracy Marshall noticed a pickup truck parked in front of an unoccupied house across

---

[1] OCGA § 16-7-1.
[2] OCGA § 16-10-25.

the street from her home. Going to the door, she saw Clark and another man carrying items out of the house and putting them into the truck. Marshall called the police and told them that a burglary was in progress; she also gave them a description of Clark, his companion, and the pickup truck they were driving. Shortly thereafter, Clark and the other man were arrested and brought back to the house, where Marshall identified them as the men who had been in the house. When the police asked Clark who he was, he gave them a false name; his true identity was established after police ran his fingerprints.

During trial, the State presented evidence that on July 30, 1996, at about noon, Clark and another individual were arrested by the police for burglary. At the time of the arrest, the two men were taking antique fixtures out of a vacant house and loading them into a pickup truck. When asked to identify himself, Clark at first said his name was Evans, but then gave his real name. The trial court gave a limiting instruction regarding the similar transaction evidence at the time it was introduced and when it charged the jury. On the basis of this and other evidence, the jury found Clark guilty of burglary and giving a false name to a law enforcement officer.

Clark contends that the trial court erred in admitting the similar transaction evidence because it did not engage in a separate balancing test to determine whether the probative value of the evidence outweighed its prejudicial impact. This contention is meritless.

> Although proof of a separate offense or act for which the accused is not on trial is generally inadmissible, evidence of that offense may be admitted in certain circumstances. Specifically, similar transaction evidence is admissible if the State establishes that (1) the evidence is admitted for a proper purpose; (2) sufficient evidence shows that the accused committed the separate act; and (3) there is sufficient connection or similarity between the separate act and the offense charged that proof of the former tends to establish the latter. The decision to admit similar transaction evidence rests within the sound discretion of the trial court, and we will not disturb that decision absent abuse.

(Footnotes omitted.) *Turley v. State.*[3]

Following a pre-trial hearing pursuant to Uniform Superior Court Rule 31.3 (B), the trial court determined that the evidence of the 1996 burglary was admissible as a similar transaction to show

---

[3] *Turley v. State,* 265 Ga. App. 385, 386 (1) (593 SE2d 916) (2004).

intent and state of mind. Clark does not argue that the evidence of the 1996 burglary did not meet the three criteria set forth above. Instead, he argues that the trial court erred in failing to engage in a separate balancing test to determine expressly whether the probative value of the evidence outweighed its prejudicial impact. "[T]he trial court's failure to expressly balance the probative value of the evidence against its prejudicial impact presents no basis for reversal as a trial court is not required to fully articulate its reasoning in this regard." *Turley v. State*, supra at 386 (1). See *Owens v. State*[4] (holding that explicit finding that probative value of similar transactions outweighed their prejudicial impact is not required).

> A trial court's finding that "other transactions" evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact. Such evidence should be admitted and the prejudicial impact of that otherwise relevant evidence is a matter for jury instruction, and is not a factor in its admissibility vel non. The evidence was not overly prejudicial in this case, because the trial court gave detailed limiting instructions at the time of the admission of the evidence and at the close of the case. This enumeration is without merit.

(Citation and punctuation omitted.) *Pinson v. State.*[5]
*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 9, 2005.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[4] *Owens v. State*, 271 Ga. App. 365, 369 (4) (609 SE2d 670) (2005).
[5] *Pinson v. State*, 266 Ga. App. 254, 258 (2) (596 SE2d 734) (2004).