A05A0702. GARRISON v. THE STATE.
(615 SE2d 253)

BERNES, Judge.

William Garrison was convicted in a bench trial of the offenses of robbery and aggravated battery. He appeals challenging the sufficiency of the evidence. We find no error and affirm.

"On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citations omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). So viewed, the evidence shows that in early May 2003, the victim, Mustapha Diaw, a recent immigrant from Senegal, met a young woman named Tina at a neighborhood drug store. Diaw gave Tina his phone number. A few days later, on May 20, 2003, Tina called Diaw and invited him over to her apartment. Shortly after arriving at the apartment, Tina led Diaw to a back bedroom, told him to take a seat and said she would be back. A few minutes later, Diaw heard Tina whispering in the hall to someone. Seconds later, Garrison walked into the bedroom. Shortly thereafter, another man entered the bedroom and, with Garrison, attacked Diaw. Garrison and his accomplice punched and kicked Diaw and demanded his money. Garrison took Diaw's cell phone while his accomplice took Diaw's money and watch. The two men then left the apartment. As a result of the attack, Diaw suffered a broken nose, as well as numerous cuts and bruises.

Diaw quickly left the apartment and drove to a nearby shopping center where he called the police. The police later learned that the apartment belonged to the mother of Garrison's girlfriend, Bianca

Haney, and that Garrison had been at the apartment that day. As a result of that information, police conducted a photographic lineup in which Garrison was identified by Diaw as a perpetrator of the robbery. Diaw also identified Hoyle Jeffrey Shankle, Garrison's accomplice, from a photographic lineup of possible suspects.

Police arrested Garrison at his mother's home where they found him hiding in a bedroom closet. Garrison gave a statement to police admitting to beating up Diaw, but denied taking any of his property. At trial, the defendant called Bianca Haney who testified that she was at another apartment with Garrison when Tina came rushing in and told her someone was breaking into her mother's apartment. Haney testified that she told Garrison to go to the apartment and that when Garrison returned, he told her he had gotten into a struggle with a man trying to steal their television.

Garrison contends that the State's evidence was insufficient to support his conviction because it failed to exclude the reasonable possibility or hypothesis presented by his defense.

> "This argument misperceives the law. Under OCGA § 24-4-6, only when the evidence is entirely circumstantial must the evidence exclude every other reasonable hypothesis except that of the guilt of the accused. Here, the evidence consisted of . . . direct evidence, in particular, the direct testimony of an eyewitness to the [robbery]."

(Citations omitted.) *Fitzpatrick v. State*, 271 Ga. App. 804, 805-806 (611 SE2d 95) (2005).

Moreover, the testimony of the victim as a single witness is sufficient to establish a fact. OCGA § 24-4-8; *Parks v. State*, 257 Ga. App. 25 (570 SE2d 350) (2002). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the verdict will be upheld. *Bain v. State*, 239 Ga. App. 696 (521 SE2d 832) (1999). Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Garrison guilty beyond a reasonable doubt of robbery and aggravated battery.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MAY 26, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.