A05A1369. JOHNSON v. THE STATE.
(619 SE2d 731)

MILLER, Judge.

A Chatham County jury found Steven Mark Johnson guilty of burglary, and the trial court sentenced him to 20 years with 15 years to serve. Johnson appeals on a variety of grounds following the trial court's denial of his motion for new trial. We discern no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence." (Citation omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that at approximately 5:00 p.m. on October 31, 2001, a Savannah police officer responded to a report of a burglary in progress. As the officer approached the back of the house on foot, he saw a man standing on a raised porch next to a door that was off its hinges. The man, whom the officer later identified as Johnson, saw the officer approach and immediately went inside the house. The officer yelled for the suspect to come out with his hands up. About a minute later Johnson exited the left side doorway with his hands raised, and the officer placed him in handcuffs. The officer then made sure no one else was inside the house.

The officer inspected the premises and noticed that there were numerous pry marks around the back door, that the door had been removed from its hinges, and that the door jamb was damaged. The officer also noticed a bicycle next to a backyard garage, and a bag and a number of items by the bicycle. These items included an 18-count box of Depends undergarments and a portable radio. The officer contacted the owner of the house, who arrived at the scene and identified the radio and the Depends undergarments as items that had previously been in the house.

At trial, the owner testified that she had purchased the house for her mother to live in, but that her mother had passed away and that no one was living in the house on October 31, 2001. She further testified that she did not know Johnson before that date, and that she had never given Johnson permission to enter the house. The owner also stated that the damage to her back door had not occurred before the date of the alleged burglary.

The trial court admitted as similar transaction evidence a December 18, 1987 incident during which an officer responded to a reported burglary in progress on East 51st Street in Savannah. The burglary was reported by a neighbor who saw two men breaking into a locked garage and coming out carrying a couch. The officer arrested Johnson in connection with the incident, and the neighbor identified Johnson as one of the men she saw breaking into the garage. The arresting officer and two eyewitnesses of the 1987 incident testified at trial.

1. Johnson contends that the verdict was against the weight of the evidence, and that the trial court erred in failing to grant his motion for a directed verdict. We disagree.

"The standard for reviewing a denial of a motion for a directed verdict of acquittal is the same test to be used when the sufficiency of the evidence is challenged, i.e., under the rule of *Jackson v. Virginia,* supra, whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." (Citations omitted.) *Dorsey v. State,* 279 Ga. 534, 542 (3) (615 SE2d 512) (2005).

The jury was authorized to disbelieve Johnson's explanation for being found in the broken doorway of the house. Furthermore, Johnson admitted to his parole officer that, although he had found the door to the house open, he had gone into the house to find something to steal. The evidence here, including Johnson's presence at the scene of the crime, the broken doorway, his lack of authority to enter the premises, his conduct after being challenged by the police, his admission that he had entered the house with the intent to steal, and the presence of goods stolen from the house in the immediate vicinity of Johnson's bicycle and bag, is sufficient to sustain the jury's verdict.

OCGA § 16-7-1 (a) (defining crime of burglary); see *Abernathy v. State*, 214 Ga. App. 364, 365 (1) (448 SE2d 30) (1994) (jury authorized to disbelieve defendant's explanation of why he was at the scene of the crime in possession of stolen property).

2. Johnson also contends that the trial court erred in allowing the similar transaction evidence. Specifically, he contends the similar transaction, which occurred in 1987, was (i) too remote in time to show he committed a burglary in 2001, and (ii) not factually similar to the burglary in question. We disagree.

We will not disturb a trial court's ruling that similar transaction evidence is admissible absent an abuse of discretion. See *Anderson v. State*, 261 Ga. App. 456, 461 (3) (582 SE2d 575) (2003).

> [S]imilar transaction evidence is admissible if the State establishes that (1) the evidence is admitted for a proper purpose; (2) sufficient evidence shows that the accused committed the separate act; and (3) there is sufficient connection or similarity between the separate act and the offense charged that proof of the former tends to establish the latter.

(Citation and footnote omitted.) *Clark v. State*, 272 Ga. App. 89, 90 (611 SE2d 741) (2005).

Here, the prior incident tended to show Johnson's course of conduct and bent of mind in that he was shown to have broken into a building with the intent to steal, and the trial court properly admitted the evidence for this purpose. See *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001) (when similar transaction evidence is admitted to show intent, course of conduct, and bent of mind, a lesser degree of similarity is required than when such evidence is introduced to prove identity). Likewise, although the 1987 incident is remote in time, we cannot say that this incident is so far removed from the 2001 incident that the trial court's decision to admit evidence of the 1987 incident was an abuse of discretion. See *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998) (17-year lapse between similar transaction and crime at issue not so remote that trial court's decision to allow similar transaction evidence was clearly erroneous); *Lee v. State*, 250 Ga. App. 110, 112 (2) (550 SE2d 696) (2001) (17-year gap goes to weight and credibility and not admissibility). Compare *Gilstrap v. State*, 261 Ga. 798 (1) (b) (410 SE2d 423) (1991) (31 years is too remote).

3. Johnson contends that the trial court erred in allowing his character to be placed in evidence. We disagree.

During cross-examination of the arresting officer, defense counsel attempted to show that the officer's testimony in a "revocation

hearing" differed from the officer's testimony at trial. Over objection, the trial court allowed the prosecution to ask the officer what kind of revocation hearing the officer testified at, and the officer answered that it was a parole revocation hearing. Johnson contends that this testimony improperly placed his character in issue because general evidence of bad character is inadmissible unless the accused chooses to place his character in issue. See *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991). However, even if Johnson did not place his character in issue, we conclude that Johnson placed the topic of the "revocation hearing" at issue by asking the officer about it, and that the State was entitled to clarify the matter on further examination. See *Morgan v. State*, 275 Ga. 222, 223 (3) (564 SE2d 192) (2002) (state could ask defendant about his parole status because topic was introduced by the defense).

4. Johnson maintains that the trial court improperly allowed the homeowner to testify without a cautionary instruction to the jury because she had violated the rule of sequestration by being present in court when the arresting officer testified. See *Thomas v. State*, 262 Ga. 754, 756 (2) (b) (425 SE2d 872) (1993) (trial court properly instructed jury that witness's violation of the rule of sequestration should be considered by the jury in determining testimony's weight and credibility). However, the rule of sequestration is invoked by the parties, and Johnson does not show that he insisted upon the rule until after the arresting officer had begun to testify, at which point it appears the witnesses complied. See OCGA § 24-9-61 (with certain exceptions, a party has the right to have the witnesses of the other party examined out of the hearing of each other). The trial court did not err.

5. Johnson claims the trial court erred in allowing Johnson's parole officer to testify that Johnson told him that he entered the house with the intent to steal. However, Johnson failed to object to this testimony, and has therefore waived the argument for purposes of appeal. See *Reeves v. State*, 241 Ga. 44 (1) (243 SE2d 24) (1978) (objections to confessions may be waived through nonobjection at trial).

6. The trial court refused to allow a charge of the lesser included offense of criminal trespass because the court found that Johnson had committed either the crime of burglary or no crime at all. Johnson claims that the facts authorized a charge on criminal trespass, and that the trial court erred in failing to give such a charge. We disagree.

"Where the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense." (Punctuation and footnote omitted.) *Gibbs v. State*, 257 Ga. App. 38, 39 (2) (570 SE2d 360) (2002). The crime of criminal trespass includes

entry onto the land or premises of another person for an unlawful purpose. See OCGA § 16-7-21 (b) (1). Johnson testified that he had known the person who lived in the house eight or nine years ago, and that he believed the house to be owned by a friend. He contended that he saw the open door, stopped, and entered the property because he was curious about what was going on, and, in particular, that he was suspicious of the presence of other people in the area. According to Johnson, he went into the house because when he first encountered the arresting officer, all he saw was a gun. The evidence shows that either Johnson was not on the property for an unlawful purpose and had not committed criminal trespass, or he was guilty of burglary. The trial court therefore did not err by failing to charge the jury on criminal trespass. See *Anderson v. State*, 264 Ga. App. 362, 365 (3) (590 SE2d 729) (2003) (when evidence establishes all of the elements of the indicted offense and there is no evidence showing the lesser offense, there is no error in refusing to charge the lesser offense).

7. Finally, Johnson contends in ten different enumerations that he received ineffective assistance of trial counsel. "To prevail on this claim, [Johnson] has the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different." (Footnote omitted.) *Dyer v. State*, 278 Ga. 658, 659-660 (7) (604 SE2d 756) (2004). We conclude that Johnson's trial counsel's performance was not deficient or that the alleged deficient performance did not prejudice Johnson's defense.

(a) Johnson contends that his trial counsel was deficient in that she only saw him twice before trial. "[T]here exists no magic amount of time which counsel must spend in actual conference with his client." (Citation and punctuation omitted.) *Harris v. State*, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005). Here, trial counsel testified that she met with Johnson two days in a row before trial, and provided him with a copy of the State's second discovery responses at that time, which they talked about, and she spent at least an hour with him. Johnson has failed to show that two meetings amounted to a deficient performance, especially since he has failed to show his trial counsel was unprepared.

(b) Johnson also contends that his trial counsel was deficient because she failed to investigate the case by going to the scene of the crime or petitioning the court for an investigator. However, he fails to show how such an investigation would have aided his defense.

(c) Johnson claims that his counsel was deficient in failing to file a motion in limine or motion to suppress to prevent his parole officer from testifying that Johnson admitted he entered the house with the intent to steal. "Failure to file a motion to suppress is not per se ineffective assistance of counsel; [Johnson] must make a strong

showing that if trial counsel had made a motion to suppress, damaging evidence would have been suppressed." (Footnote omitted.) *Gadson v. State*, 252 Ga. App. 347, 352 (11) (a) (556 SE2d 449) (2001). Here, Johnson does not show that a motion to suppress or motion in limine would have been successful because he fails to show under what circumstances the admissions were made.

(d) Johnson further argues that his trial counsel was deficient in refusing to allow Johnson to participate in the selection of jurors. Although Johnson claims that he did not discuss the striking of jurors with his counsel, his trial counsel testified that she discussed the list of potential jurors with Johnson, but made the decisions as to which jurors to strike because she knew the law with regard to peremptory strikes. Johnson does not show that trial counsel was deficient in exercising her judgment in selecting the jury.

(e) Johnson also claims that his trial counsel was ineffective because she failed to find and subpoena an eyewitness. The witness, whom Johnson identified at the hearing on motion for new trial as "Mr. Walker," was a person Johnson claimed saw him at the scene. However, this person was not presented at the hearing on motion for new trial, nor was a proffer made as to how he would have testified. Accordingly, Johnson cannot show that but for his counsel's alleged deficient conduct, the result of the trial would have differed. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995) ("[i]n assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case").

(f) Johnson maintains that his trial counsel was ineffective in failing to invoke the rule of sequestration, thus allowing the victim homeowner to hear testimony from the arresting officer. Even if trial counsel should have invoked the rule earlier, the only testimony heard by the victim was testimony regarding the officer's experience and mode of dress. This could hardly have affected the outcome of the trial.

(g) Johnson claims that his trial counsel was deficient in impeaching the arresting officer because she failed to obtain a transcript of the parole revocation hearing in which the officer had testified. However, "[s]ince the transcript . . . was not produced at the hearing, [Johnson] failed to establish that witnesses gave allegedly contradictory testimony, and we presume counsel's actions were not prejudicial to [Johnson]." (Citation omitted.) *Roberts v. State*, 263 Ga. 807, 808 (2) (a) (439 SE2d 911) (1994).

(h) Johnson contends that trial counsel was deficient in failing to object to the State's introduction into evidence of four pictures of the

door hinge because the evidence was cumulative. However, we conclude that trial counsel's decision not to object to the introduction of cumulative evidence was a matter of legitimate trial strategy. See *Dorsey v. State*, 265 Ga. App. 597, 601 (2) (c) (595 SE2d 106) (2004) (counsel's decision to forgo objecting to cumulative evidence was a legitimate trial strategy that fell within the range of reasonable professional conduct).

(i) Johnson argues that his trial counsel improperly put his character into issue by asking the arresting officer about the officer's testimony at the parole revocation hearing. The trial transcript shows that Johnson's trial counsel asked the officer about this testimony at Johnson's insistence. The purpose of the questioning was to impeach the officer by showing that his testimony at the revocation hearing as to the location of the stolen items differed from the officer's testimony at trial. While trial counsel risked opening the door for the State to show that Johnson had been on parole, trial counsel had reason to believe the officer could be impeached and so stood to gain a substantial benefit for her client if she was successful in impeaching the officer. Considering the decision at the time it was made, we conclude Johnson's trial attorney's attempt to impeach the officer was within the ambit of reasonable trial strategy and was not deficient. See *Berry v. State*, 267 Ga. 476, 479 (4) (480 SE2d 32) (1997) (reasonableness of trial counsel's conduct is viewed at the time of trial and under the circumstances of the case).

(j) Finally, Johnson claims that his trial counsel was ineffective by failing to timely file a motion for a new trial and a notice of appeal. However, Johnson was able to secure an out-of-time appeal, and the trial court eventually heard his motion for a new trial. Johnson cannot show that he was prejudiced by his trial counsel's failure in this respect.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 8, 2005.

*Orin L. Alexis*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.