A06A2050. WALLS v. THE STATE.
(642 SE2d 195)

JOHNSON, Presiding Judge.

A jury found Reuben Walls guilty of aggravated battery and aggravated assault. The trial court ordered Walls to serve consecutive 20-year sentences in confinement. Walls appeals, arguing that there is insufficient evidence to support the aggravated battery conviction, that the testimony of a state witness improperly bolstered the testimony of another witness, that the court improperly expanded the definition of aggravated battery, and that his trial counsel was ineffective. The arguments are without merit, and we thus affirm the judgment of the trial court.

1. On appeal from a criminal conviction, this court must view the evidence in the light most favorable to the verdict, and the appellant

---

no longer enjoys the presumption of innocence.[1] Moreover, this court determines only the sufficiency of the evidence and does not weigh the evidence or determine the credibility of witnesses.[2]

Viewed in the light most favorable to the verdict, the evidence in the instant case shows that on January 27, 2001, Walls accused his wife of cheating on him, threatened to kill her and then attacked her with a heavy metal bar. Walls beat his wife on the head, arms and legs with the metal bar, and then stabbed her with a paring knife.

Walls' wife suffered a broken elbow, as well as multiple stab wounds, abrasions and bruises over her entire body. According to her testimony, she spent three months in a safe house after the attack because she was disabled and unable to take care of herself. She also had to undergo physical therapy to regain strength in her arm.

A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by rendering a member of her body useless.[3] "The bodily member need not be rendered permanently useless, and even the temporary reduced use of a bodily member may be sufficient to render it useless under the aggravated battery statute."[4]

The indictment in this case charged Walls with aggravated battery in that he maliciously caused bodily harm to the victim by depriving her of the use of her elbow. The evidence clearly establishes that the victim lost the use of her elbow when it was broken during the beating by Walls, and thus there is sufficient evidence from which a rational trier of fact could have found him guilty beyond a reasonable doubt of aggravated battery.[5]

2. Walls contends that a police detective improperly bolstered the credibility of the victim's testimony when he testified that he had never seen anyone as severely injured as the victim make a false report, and that people he had seen that badly injured were usually dead. At trial, however, Walls did not raise any objection, let alone the specific objection of bolstering, to this testimony.

"In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground."[6] Because Walls failed to object at trial on the specific ground of

---

[1] *Garrison v. State*, 273 Ga. App. 446 (615 SE2d 253) (2005).

[2] Id.

[3] OCGA § 16-5-24 (a).

[4] (Citation omitted.) *Ganas v. State*, 245 Ga. App. 645, 647 (1) (b) (537 SE2d 758) (2000).

[5] See *Mashburn v. State*, 244 Ga. App. 524, 526-528 (1) (536 SE2d 208) (2000); *Webb v. State*, 228 Ga. App. 624, 625 (2) (492 SE2d 312) (1997).

[6] (Citations and punctuation omitted.) *Glover v. State*, 230 Ga. App. 795, 797 (1) (498 SE2d 300) (1998).

improper bolstering, he has waived that objection and may not raise it for the first time on appeal.

3. Walls' third enumeration of error is that the trial court expanded the definition of aggravated battery to include charges for which he was not indicted. This enumeration presumably challenges a portion of the trial court's jury instruction, but Walls has not quoted the exact instruction that he is challenging, nor has he made any citation to the portion of the record or transcript at which we can find the precise jury charge to which he is apparently objecting. "Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."[7]

Furthermore, even if Walls had properly presented this enumerated error for our review by supporting it in his brief by specific reference to the record or transcript, it is without merit. Based on the incomplete argument made in his brief, we assume that Walls is challenging the trial court's jury instruction that a person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof.

Since the indictment charged Walls with committing aggravated battery by depriving the victim of the use of her elbow, we further assume that Walls' contention is that this jury instruction erroneously apprised the jury that the crime could be committed in a manner different from that charged in the indictment. While such an instruction can constitute reversible error, a reversal is not mandated where, as here, the charge as a whole limits the jury's consideration to the specific manner of committing the crime alleged in the indictment.[8]

> Under Georgia law, a due process violation may occur when an indictment charges the defendant with committing a crime in a specific manner, but the trial court instructs the jury that the crime may be committed in a different manner. If there was evidence at trial to support a conviction on the manner of committing the crime not stated in the indictment, and the trial court did not instruct the jury to limit its consideration to the manner alleged in the indictment, then the defendant's conviction must be reversed.[9]

---

[7] Court of Appeals Rule 25 (c) (3) (i).

[8] Compare *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999).

[9] (Citations and emphasis omitted.) *Salahuddin v. State*, 241 Ga. App. 168, 169 (1) (525

Here, the trial court read the indictment to the jurors verbatim, and further instructed them that the state has the burden of proving every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. This limiting instruction informed the jury that the state had the burden of proving that Walls committed aggravated battery by depriving the victim of the use of her elbow as charged in the indictment, and it thus cured any problem with the aggravated battery charge.[10]

4. Walls claims that his trial counsel was ineffective in failing to object to testimony that he would not speak when asked whose blood he was lying in at the crime scene, testimony that the victim had gotten a restraining order against him, testimony that police had run a criminal background check on both the victim and him, testimony that Walls had sold fake jewelry, testimony that he had appeared to be under the influence of drugs and evidence of blood on his tennis shoes. The claim is without merit.

At the motion for new trial hearing, Walls' trial counsel explained that in each instance he did not object for strategic and tactical reasons, including that he did not want to draw attention to some of the testimony, that he thought some of the testimony hurt the credibility of the state's witnesses while enhancing the credibility of the defense theory, and that he wanted to engender sympathy for his client.

"As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel."[11] Accordingly, the strategic decisions of Walls' attorney not to object to various pieces of evidence do not constitute ineffective assistance of counsel.

Moreover, even if those tactical decisions were somehow deficient, Walls still would not prevail on his ineffective assistance claim. "In order to prevail on a claim of ineffective assistance, appellant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[12] In light of the overwhelming evidence that Walls' wife suffered a brutal beating at his hands, Walls has made no showing that there is a reasonable likelihood that the outcome of the trial would have been different if his attorney had raised objections to the testimony cited above.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

SE2d 422) (1999) (physical precedent only).

[10] Id. at 170 (1).

[11] (Citation and punctuation omitted.) *Moore v. State*, 278 Ga. 397, 400 (2) (c) (603 SE2d 228) (2004).

[12] (Citations and punctuation omitted.) Id. at 398 (2).

Decided February 12, 2007 — 

Zell & Zell, Rodney S. Zell, for appellant.

Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Ayana C. Curry, Assistant District Attorneys, for appellee.