## A07A2391. McDANIEL v. THE STATE.
### (658 SE2d 248)

JOHNSON, Presiding Judge.

A Gwinnett County jury found John McDaniel guilty of three counts of burglary and two counts of theft by taking. The trial court sentenced McDaniel to serve a total of twelve years in confinement and eight years on probation. McDaniel appeals from the judgment of conviction, challenging the sufficiency of the evidence, several evidentiary rulings by the trial court, a statute of limitation jury charge, the trial court's refusal to strike a juror for cause, and the effectiveness of his trial counsel. The challenges are without merit, and we thus affirm McDaniel's conviction.

1. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[1] Moreover, the reviewing court determines only the sufficiency of the evidence and does not weigh the evidence or determine the credibility of witnesses.[2]

Viewed in the light most favorable to the verdict, the evidence shows that McDaniel and his accomplice Helen Swafford stole items from houses that were under construction and then sold the items to a woman named Mary Arthur. Sometime between April 18 and 22, 2003, McDaniel and Swafford drove in a motor vehicle owned by Arthur to a Gwinnett County subdivision, where they stole air

---

[1] *Garrison v. State*, 273 Ga. App. 446 (615 SE2d 253) (2005).

[2] Id.

conditioning units, thermostats, light fixtures, bathroom sinks and faucets from three unfinished houses. Inside one of those houses, police found a pocketknife belonging to McDaniel. Several days later, on April 30, 2003, McDaniel and Swafford returned to that same house and stole a sink, faucet and thermostat. Police found a trail of blood in the house, which was eventually identified as McDaniel's blood.

In the early morning hours of May 4, 2003, police were responding to a call about possible theft in another Gwinnett County subdivision when they encountered a yellow moving truck in the area. Swafford was driving the truck and McDaniel was the passenger, and when officers attempted to stop them, they fled. After a chase through several counties, the police used a device which punctured the tires of the truck. Once the truck crashed to a stop, McDaniel got out of the vehicle and ran from the police. He was eventually captured by a police K-9 unit. Inside the truck, officers found a deck kit, newel posts, and stair pickets that had been stolen the night before from two other unfinished houses in Gwinnett County.

McDaniel claims that the evidence of his guilt is insufficient because it is based on the uncorroborated testimony of his accomplice Swafford. The claim is contradicted by the record, which contains corroborating evidence.

> Although corroboration of the testimony by a single accomplice is necessary, that corroborating evidence itself need not be sufficient to warrant conviction, but need only tend to connect and identify defendant with the crime. The corroborating evidence may consist entirely of circumstantial evidence and may include defendant's conduct before and after the crime was committed. Whether the corroborating evidence is sufficient is a matter for the jury, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient.[3]

In the instant case, Swafford's testimony was corroborated by Arthur, who testified that she bought the stolen items from Swafford and McDaniel, and that she let them borrow the trucks which were used in the thefts. Arthur further testified that she put the stolen items in a storage unit, and other testimony confirmed that items taken from the three houses in April 2003 were found in the storage unit. Moreover, Swafford's testimony identifying McDaniel as a

---

[3] (Citations and punctuation omitted.) *Ellison v. State*, 265 Ga. App. 446, 447 (1) (594 SE2d 675) (2004).

participant in the crimes was corroborated by the facts that he was found in the moving truck which contained the recently stolen items, that he fled from the police, that his knife was found in one of the burglarized houses and that his blood was also later found in that house. "The sufficiency of the corroborating evidence is a matter for the jury, and the evidence was legally sufficient for the jury to convict."[4]

2. McDaniel argues that the trial court erred in admitting evidence of a similar transaction. McDaniel, however, has waived this argument because he did not object to the evidence when it was introduced at trial.[5] Moreover, even if the argument had not been waived, McDaniel has failed to show that the trial court abused its discretion in admitting the similar transaction evidence.[6] The evidence presented at trial shows that less than two years before the thefts in the instant case McDaniel broke into a closed convenience store in Gwinnett County during early morning hours and stole cartons of cigarettes and cases of beer. McDaniel's unauthorized entry into an unoccupied building in the same county with the intent to steal is sufficiently similar to the instant crimes and is admissible to show his course of conduct and bent of mind.[7]

3. After the victim of the similar transaction offense testified, a detective who had investigated that prior offense also testified about it. Thereafter, McDaniel's accomplice Swafford gave her testimony concerning the crimes at issue in this case. Near the end of her testimony, the state indicated that it was going to ask Swafford about the similar transaction. At that point, McDaniel objected and moved for a mistrial on the ground that the previously introduced similar transaction evidence was improper because even though McDaniel had been charged with burglary for the prior offense, he had been allowed to plead guilty to the lesser included offense of theft by receiving stolen property. The trial court denied the motion for a mistrial, but also refused to allow Swafford to testify about the similar transaction, reasoning that such testimony would be cumulative of the other similar transaction evidence.

---

[4] (Citations omitted.) *Terrell v. State*, 271 Ga. 783, 786 (3) (523 SE2d 294) (1999).

[5] See *Williams v. State*, 279 Ga. 731, 732 (3) (620 SE2d 816) (2005); *Johnson v. State*, 276 Ga. App. 505, 508-509 (3) (a) (623 SE2d 706) (2005).

[6] See *Carmichael v. State*, 251 Ga. App. 611, 613 (2) (554 SE2d 802) (2001) (trial court's decision to admit similar transaction evidence will not be disturbed on appeal absent an abuse of discretion).

[7] See *Johnson v. State*, 275 Ga. App. 21, 23 (2) (619 SE2d 731) (2005) (breaking into garage admissible as similar transaction at trial for burglary of house); *Gibson v. State*, 268 Ga. App. 696, 697-698 (2) (b) (603 SE2d 319) (2004) (entry of unoccupied business admissible as similar transaction at trial for burglary of a residential storage shed).

McDaniel contends that the trial court erred in denying his motion for a mistrial. The contention is without merit because the motion was untimely.

> The specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground. . . . Where a defendant fails to raise a particular ground for suppression of evidence prior to the admission of the evidence at trial, his objection raised thereafter is untimely.[8]

Because McDaniel failed to raise his objection and motion for mistrial on this ground at the time the similar transaction evidence was admitted, it was untimely and amounted to a waiver of that specific ground.

Furthermore, even if he had timely raised that ground of objection to the similar transaction evidence, it provides no basis for reversing the trial court. "There is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible."[9] The mere fact that McDaniel pled guilty to theft by receiving rather than burglary does not render evidence of that prior offense inadmissible; rather than the name of the prior offense, it is the circumstances surrounding it that determine its admissibility.[10] And as discussed above in Division 2, the prior offense, while not identical to the crimes charged in this case, was sufficiently similar to be admissible.

4. McDaniel contends that the trial court erred in allowing the state to present evidence of the April 30, 2003 burglary because it was not within the date range of April 18 to 22, 2003, as alleged in the indictment. The contention is without merit because the state is not restricted to proving an offense occurred on the date alleged in the indictment when the indictment does not specifically allege that the date of the offense is material.[11]

> The general rule is that when the exact date of a crime is not a material allegation of the indictment, the crime may be proved to have taken place on any date prior to the return of

---

[8] (Citations and punctuation omitted.) *Copeland v. State*, 281 Ga. App. 656, 657 (637 SE2d 90) (2006).

[9] (Citation and punctuation omitted.) *Morrill v. State*, 216 Ga. App. 468, 475 (11) (454 SE2d 796) (1995).

[10] See *Moss v. State*, 275 Ga. 96, 99 (4) (561 SE2d 382) (2002) (guilty plea to theft by receiving stolen property as lesser included offense of burglary charge properly admitted as similar transaction evidence at trial for murder).

[11] *Alexander v. State*, 274 Ga. 787, 789 (1) (b) (561 SE2d 64) (2002).

the indictment, so long as the date is within the applicable statute of limitation. A date is material if it is an essential element of the charged offense or if a defense, such as alibi, is asserted that makes the date of the offense material.[12]

The date range of April 18 to 22, 2003, alleged in the indictment is not an essential element of the burglary offense charged, and McDaniel did not assert a defense — alibi or otherwise — making the date material. Moreover, the date of April 30, 2003, is not substantially different from that alleged in the indictment and McDaniel clearly was not surprised by evidence of that burglary since his pre-trial motion seeking to prevent such evidence was denied.[13] Because the burglary of April 30, 2003, is within the applicable four-year statute of limitation,[14] the trial court did not err in allowing evidence of it.

5. McDaniel complains that the trial court erred in instructing the jury on the applicable four-year statute of limitation. But as discussed above in Division 4, the dates of the crimes were not material allegations in the indictment, McDaniel did not assert an alibi defense, and there was no substantial difference between the evidence and the indictment. Since the trial court's jury charge regarding the statute of limitation was authorized by the facts and was a correct statement of the law, we find no error.[15]

6. McDaniel asserts that the trial court erred in refusing to strike for cause a juror who indicated during voir dire that she might have some bias because her parents' home had previously been burglarized.

Whether to strike a juror for cause lies within the sound discretion of the trial court. Before a juror is excused for cause, it must be shown that he or she holds an opinion of a defendant's guilt or innocence that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence and the court's instructions.[16]

The juror here initially stated that she thought the burglary of her parents' home would impact her ability to serve as a juror. But

---

[12] (Footnotes omitted.) *Bollinger v. State*, 272 Ga. App. 688, 693-694 (3) (613 SE2d 209) (2005).

[13] See *Lloyd v. State*, 263 Ga. App. 234, 235-236 (1) (587 SE2d 372) (2003).

[14] OCGA § 17-3-1 (c); *Beasley v. State*, 244 Ga. App. 836 (536 SE2d 825) (2000).

[15] See *Norman v. State*, 278 Ga. App. 497, 499 (4) (629 SE2d 489) (2006).

[16] (Citation omitted.) *Griffiths v. State*, 283 Ga. App. 176, 180 (2) (641 SE2d 169) (2007).

upon further questioning she testified that she could decide the case based solely on the evidence, that she would not judge the case based on what had happened to her parents and that she could be impartial. Since the juror merely expressed some reservations about her ability to set aside a personal experience, but did not hold an opinion of McDaniel's guilt or innocence that was so fixed that she could not set it aside and decide the case based upon the evidence, the trial court did not abuse its discretion in refusing to strike the juror for cause.[17]

7. McDaniel claims his trial counsel was ineffective in failing to object when the state presented the similar transaction evidence. "To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different."[18] In this case, even if we assume for the sake of argument that counsel was deficient in failing to object when the similar transaction evidence was introduced, McDaniel cannot show that he was prejudiced by such deficiency because, as previously discussed, the trial court properly admitted the similar transaction evidence.[19] Since the outcome of the trial would not have been different but for the alleged deficiency, McDaniel has failed to establish that his trial counsel was ineffective.[20]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 22, 2008 ▮▮▮▮▮▮▮▮▮

*Glynn R. Stepp, Alan Mullinax*, for appellant.
*Daniel J. Porter, District Attorney, Kimberly A. Gallant, Assistant District Attorney*, for appellee.

---

[17] See *Brigman v. State*, 282 Ga. App. 481, 486 (3) (639 SE2d 359) (2006).

[18] (Citation omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

[19] See *Card v. State*, 273 Ga. App. 367, 368-370 (2) (615 SE2d 139) (2005) (no ineffective assistance of counsel based on failure to object to admissible similar transaction evidence).

[20] See *Thomas v. State*, 246 Ga. App. 448, 449-450 (1) (540 SE2d 662) (2000).