### A08A2428. MACK v. THE STATE.
(669 SE2d 487)

</div>

JOHNSON, Presiding Judge.

A jury found Adrian Mack guilty of battery and two counts of aggravated battery.[1] Mack appeals, challenging the sufficiency of the evidence. We affirm.

On appeal from a criminal conviction, we construe the evidence favorably to support the jury's verdict, and a defendant no longer enjoys a presumption of innocence.[2] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find the defendant guilty beyond a reasonable doubt.[3]

So viewed, the evidence shows that the victim dated Mack for approximately ten months in 2005 and early 2006. On December 5, 2005, they were together at the victim's house when Mack accused her of cheating on him. Mack grabbed the victim by her hair, hit her in the face, ripped her shirt, and pulled her around the house, leaving

---

[1] For purposes of sentencing, the trial court merged the two aggravated battery convictions.

[2] *Walls v. State*, 283 Ga. App. 560, 560-561 (1) (642 SE2d 195) (2007).

[3] Id. at 561 (1).

bruises on her arms and neck. The victim eventually got away from Mack and called the police. Responding officers took photographs of the victim's injuries.

Despite this incident, Mack and the victim continued to date, and on January 13, 2006, they went to a nightclub. While at the club, Mack again accused the victim of cheating after she hugged a male friend. These accusations continued throughout the night, and when they left in the victim's car, Mack began hitting her repeatedly.

The victim placed her hands on her head to fend off the blows, but she suffered numerous injuries, including a severely swollen left hand, a bloody nose, a laceration over her eyebrow, black eyes that were swollen shut, and bruises on her back. One of her teeth also went through her cheek where Mack squeezed her face. The victim testified that she has a scar from the cut above her eyebrow. She also lost the use of her left hand — which was so swollen after the beating that she could not move her fingers — for approximately two weeks. At the time of trial, she still could not "open bottles . . . [or] unscrew anything" with the hand.

Based on this and other evidence, the jury found Mack guilty of battery and two counts of aggravated battery. Mack challenges the verdicts on appeal, arguing that the evidence of guilt did not exclude all other reasonable hypotheses. It is true that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[4] This rule, however, applies only when the evidence is entirely circumstantial.[5] Because the victim's testimony provided *direct* evidence of Mack's guilt, the reasonable hypothesis rule is not at issue here.[6]

Moreover, the evidence authorized the jury's verdicts. Under OCGA § 16-5-23.1 (a), a person commits battery when he "intentionally causes substantial physical harm or visible bodily harm to another." The victim testified that in December 2005, Mack hit her and dragged her through her house, leaving various marks on her body, including bruises on her arms and neck. The state presented photographs of the bruises and other marks suffered by the victim. Such testimony and photographic evidence authorized the jury's conclusion as to battery.[7]

---

[4] OCGA § 24-4-6.

[5] *Meeks v. State*, 281 Ga. App. 334, 337 (636 SE2d 77) (2006).

[6] Id.

[7] See OCGA § 16-5-23.1 (a), (b) ("[T]he term 'visible bodily harm' means bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, . . . substantial bruises to body parts.").

The evidence also supported the aggravated battery findings. Aggravated battery results when a person "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."[8] Whether an injury results in serious disfigurement is a question for the jury.[9] And even *temporary* disfigurement or uselessness of a body part may satisfy the statutory requirements.[10]

The victim testified that during the January 2006 incident, Mack beat her repeatedly, causing many injuries, including a scar above her eye and trauma to her hand that left it useless for several weeks. Based on this testimony, as well as photographic evidence of the injuries, the jury was authorized to find that Mack committed two counts of aggravated battery by seriously disfiguring the victim's face and rendering her hand useless.[11]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

## DECIDED NOVEMBER 13, 2008.

*Willie T. Yancey, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney, Frank M. Pennington II, Assistant District Attorney*, for appellee.

---

[8] OCGA § 16-5-24 (a).

[9] See *Grace v. State*, 210 Ga. App. 718, 719 (2) (437 SE2d 485) (1993) (jury must determine whether scar constitutes serious disfigurement).

[10] See *Walls*, supra at 561 (1) (" '[E]ven the temporary reduced use of a bodily member may be sufficient to render it useless under the aggravated battery statute.' "); *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991) ("To constitute the crime of aggravated battery, there is no requirement that, in addition to being 'serious,' the disfigurement of a victim be permanent.").

[11] OCGA § 16-5-24 (a); *Walls*, supra; *Grace*, supra.