## A03A1149. DORSEY v. THE STATE.
### (582 SE2d 158)

PHIPPS, Judge.

Following denial of his motion for new trial, Kenoris Dorsey appeals his convictions of theft by receiving stolen property, misdemeanor obstruction of an officer, fleeing or attempting to elude, speeding, and removal of a weapon from a public official. He claims that his trial counsel was ineffective, that the evidence was insufficient to support his conviction of theft by receiving, and that the trial court erred in requiring his attorney to turn over a police report to the State. Finding no merit in any of these claims of error, we affirm.

DeKalb County Police Officer William Sanfelice testified that while patrolling Interstate 20 on April 4, 2001, he observed a Nissan automobile weaving in and out of traffic. After Sanfelice drove his patrol car behind the Nissan, it began to weave more and almost hit another car. Sanfelice then activated his vehicle's emergency lights and siren to effect a traffic stop. Instead of stopping, the Nissan accelerated and exited the highway. During a chase, the Nissan hit a light pole in the parking lot of a motel and then collided with the officer's vehicle. Dorsey, who was driving the Nissan, jumped out of his car and fled. Sanfelice gave chase and called for the assistance of other officers. Sanfelice testified that after he apprehended Dorsey, Dorsey hit him in the head and took his baton. Sanfelice thereafter shot Dorsey in the leg and arrested him. The owner of the Nissan gave testimony to the effect that the car had been stolen from him by a man he did not really know but with whom he had a homosexual tryst and that he never gave Dorsey permission to drive the car.

The Internal Affairs (IA) Unit of the DeKalb County Police Department investigated Sanfelice's arrest of Dorsey. Prior to trial, defense counsel obtained a copy of the IA investigation report. During cross-examination, counsel used the report to impeach Sanfelice by showing inconsistencies between his pretrial statements to IA investigators and his trial testimony. Later during the trial, the prosecutor complained that she had not been provided with a copy of the report and asked that defense counsel give her an opportunity to review it. Because defense counsel had elected to proceed under our reciprocal discovery statute, the court ordered him to let the prosecutor view the report.

Similar transaction evidence was presented showing that in 1998, a City of Atlanta police officer attempted to stop Dorsey after he ran a red light at a high rate of speed in a stolen Mazda. Dorsey did not stop, but rather led the officer on a high speed vehicular chase which ended when Dorsey drove the Mazda onto an embankment and punctured two of the car's tires. He then exited the Mazda and fled the scene. He was taken into custody by several law enforcement officers after a struggle, and he was later convicted of theft by receiving stolen property, i.e., the Mazda, and other crimes arising out of the incident.

Following Dorsey's conviction in this case, the trial court appointed a new attorney to represent him. Through his new attorney, Dorsey claimed in his motion for new trial that he was denied effective assistance of trial counsel. The trial court ruled that Dorsey did not carry his burden of showing ineffective assistance.

1. Dorsey first contends that the trial court erred in denying his motion for new trial on the ground of his trial attorney's ineffectiveness.

> The defendant has the burden of proving ineffectiveness by showing, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense. The first inquiry centers on whether counsel's performance was reasonable under the circumstances in light of the strong presumption that all significant decisions were made in the exercise of reasonable professional judgment. Secondly, even if the presumption is overcome, the defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[1]

---

[1] (Citations and punctuation omitted.) *Dryer v. State*, 205 Ga. App. 671, 673 (3) (423 SE2d 297) (1992).

A trial court's finding on the issue of ineffectiveness must be upheld unless it is clearly erroneous.[2]

Dorsey first claims that counsel was ineffective by failing to adequately investigate the case. In arguing that counsel's investigation was inadequate, Dorsey asserts that counsel admitted at the hearing on his motion for new trial that he pursued only one line of defense. That assertion mischaracterizes counsel's testimony. Counsel testified that his basic line of defense was to impeach the credibility of Officer Sanfelice and to show that, contrary to his trial testimony, he had overreacted while pursuing Dorsey. To establish this defense, counsel obtained a copy of the IA report and used it to conduct an extensive and effective cross-examination of Sanfelice. The record shows that in defending Dorsey, counsel also effectively cross-examined other State's witnesses, and opposed the State's motion to present evidence of similar transactions, among other things. At the motion for new trial hearing, counsel also pointed out that he had obtained a not guilty verdict on a count of the indictment charging Dorsey with felony obstruction of an officer and that Dorsey had been subject to being sentenced most severely on that charge. Dorsey has failed to identify any particular line of defense that counsel failed to pursue or to show how his investigation of the case was inadequate.

Dorsey maintains that counsel failed to raise enough objections at trial. Specifically, Dorsey claims that Sanfelice's identification of him at trial was tainted, and that counsel should have objected to it and to the trial court's order that he allow the prosecutor to review the IA report. The record does not support these claims. It shows that at trial Sanfelice admitted that he had not seen the person he arrested since the incident in question, that he could not positively identify him, and that he could identify Dorsey as the arrestee based only on photos he had viewed prior to trial. Therefore, Sanfelice in effect acknowledged that he was unable to identify Dorsey at trial. And Dorsey has not shown that Sanfelice's pretrial identification was tainted, nor does Dorsey dispute that he is in fact the person Sanfelice arrested. As to the court's ruling requiring defense counsel to turn over the IA report to the prosecutor, the transcript shows that counsel did object.

Dorsey also complains of counsel's failure to subpoena witnesses, to complain when the court admonished Dorsey for making inappropriate facial gestures during the trial, to allow Dorsey to testify, and to request complete recordation of the trial. Counsel, however, testified that he did subpoena two defense witnesses, Candice Martin and Bobby Hyde, but decided not to call them to the stand because their

---

[2] See, e.g., *McCant v. State*, 234 Ga. App. 433, 436 (3) (506 SE2d 917) (1998).

testimony was either unhelpful or cumulative. Counsel was certainly correct in his assessment as to Martin, because she testified for the State. Dorsey has not shown that Hyde's testimony would have been helpful to the defense. The transcript shows that Dorsey could not have been prejudiced by the court's admonition concerning his facial expressions, because these comments were made outside the presence of the jury. The transcript further shows that at trial defense counsel told the court that he had advised Dorsey not to testify, that the court thereupon informed Dorsey that he had a constitutional right to testify and that the decision of whether to testify was ultimately his, and that Dorsey then responded that upon consideration he had decided to take counsel's advice. At the hearing on his motion for new trial, Dorsey claimed that at trial he would have testified that he knew the owner of the Nissan, that he had given the owner two hits of crack cocaine and $10 to let him use the car, and that he had done business with him before. The trial court was authorized to find that advising Dorsey not to present this testimony to the jury was a reasonable trial strategy.[3] Although counsel acknowledged at the motion for new trial hearing that he had not requested recordation of voir dire, opening statements, or closing arguments, he testified that he would have perfected the record if anything objectionable had occurred during these parts of the proceeding. Dorsey has not shown that anything objectionable occurred. In sum, the trial court's determination that Dorsey did not receive ineffective assistance of trial counsel is not clearly erroneous.

2. Dorsey next challenges the sufficiency of the evidence to show he knew that the property that was the subject of the theft by receiving charge, i.e., the Nissan he was driving, was stolen.

The State argues that the issue for the jury was whether Dorsey fled the police officer because he knew that the Nissan was stolen. The State presented extrinsic crimes evidence showing that under very similar circumstances, Dorsey had attempted to elude the police while driving a car he knew was stolen. Viewing the evidence in a light most favorable to the verdict in accordance with *Jackson v. Virginia*,[4] we hold that the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Dorsey was guilty of theft by receiving stolen property.

3. Finally, Dorsey contends that the trial court abused its discretion in requiring defense counsel to turn over the IA report to the prosecutor.

---

[3] See generally *Williams v. State*, 253 Ga. App. 453, 455 (1) (a) (559 SE2d 512) (2002); *Kilpatrick v. State*, 252 Ga. App. 900, 901-902 (1) (557 SE2d 460) (2001).

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Under Georgia's reciprocal discovery scheme,[5] a defendant who opts into the statute is entitled, among other things, to discovery of any witness's statements in the State's possession and, in return, is required to provide reciprocal discovery of such material to the State.[6] At trial, defense counsel acknowledged that he had elected to proceed under the reciprocal discovery statute. The trial court ordered the defense to turn over the IA report to the prosecutor because it contained pretrial statements by Sanfelice. We find no error or abuse of discretion.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 6, 2003.

---

*Hurl R. Taylor, Jr.*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[5] OCGA § 17-16-1 et seq.
[6] *Baker v. State*, 238 Ga. App. 285, 286 (1) (518 SE2d 455) (1999). The reciprocal discovery statute provides, however, that the term "witness" does not include the defendant. OCGA § 17-16-1 (3); *Johnson v. State*, 272 Ga. 468, 469 (1) (a) (532 SE2d 377) (2000). Thus, in *McWhorter v. State*, 229 Ga. App. 875 (1) (495 SE2d 139) (1997), a defendant who had opted into reciprocal discovery nonetheless contended that the trial court had erred in requiring the defense to provide the prosecution with a pretrial statement made by the defendant to the police.