A03A1782. MARTIN v. THE STATE.
(597 SE2d 445)

MILLER, Judge.

Sean Martin was convicted of the rape, aggravated assault, and false imprisonment of his former girlfriend. This Court affirmed Martin's convictions in an unpublished opinion, but remanded the case to the trial court for an evidentiary hearing on Martin's ineffective assistance of counsel claim. After a hearing, the trial court rejected this claim. For the reasons that follow, we affirm.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "[W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

1. Martin contends that trial counsel failed both to adequately consult with him and to prepare for trial. Trial counsel met with Martin before Martin's bond hearing and at arraignment. At the hearing on counsel's alleged ineffectiveness, counsel could not recall how long he had spent with Martin prior to trial but was emphatic that he was prepared for trial. He further stated that he and Martin had discussed whether to call any additional witnesses to testify. On the other hand, Martin testified that trial counsel asked him only a few questions at the bond hearing and met with him only briefly at arraignment. He further explained that counsel delivered a discovery packet to him two days prior to jury selection and then met with him for only five minutes. Martin did admit, however, that he had input in the jury selection process.

At the start of trial, Martin complained that his trial counsel only met with him once and was not prepared to present his case. The trial court gave Martin 30 minutes to consult with counsel. Following that conference, Martin stated that he was satisfied with counsel's performance and preparation "[s]o far."

"There exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity." (Citation and punctuation omitted.) *Maner v. State*, 221 Ga. App. 826, 828 (1) (b) (472 SE2d 716) (1996). Trial counsel met with Martin at critical stages of his defense and prior to trial although he could not recall for how long, and presented a discovery packet to Martin for his review. Martin participated in jury selection and the court allowed Martin and his counsel to meet prior to the start of trial. Counsel testified at the hearing that he was indeed prepared for trial. The trial court's decision to reject Martin's claim of ineffectiveness on this ground is supported by the record and is not clearly erroneous. Even if counsel's performance was deficient, Martin has failed to show that the outcome would have been different had counsel spent more time with him prior to trial.

2. Martin argues that trial counsel was ineffective in failing to call two character witnesses. One of the witnesses, the victim's grandmother, testified on behalf of Martin at his bond hearing. Although both witnesses were subpoenaed, trial counsel did not call them to testify at trial. Counsel explained that the two witnesses would only have offered character evidence and that the State could have easily discredited their testimony, and that he did not want to lose closing argument by introducing evidence other than Martin's testimony. He further testified that if Martin had wanted him to call those witnesses, he would have called them. Martin claimed that he requested counsel to call both witnesses but that counsel told him that he risked being sentenced to more time if those witnesses were called.

"The preservation of the right to the first and last closing argument, which would be lost upon the presentation of evidence by the defense, is a decision involving trial strategy. Whether to introduce character evidence and potentially open the door for impeachment is clearly one of tactics and strategy." (Citations omitted.) *Washington v. State*, 276 Ga. 655, 659 (3) (c) (581 SE2d 518) (2003); see *Blackford v. State*, 251 Ga. App. 324, 329 (4) (554 SE2d 290) (2001). Here, trial counsel determined that the opportunity to conclude closing argument outweighed the limited usefulness of the witnesses. Any conflict in the testimony regarding why the witnesses were not called to testify presents an issue of credibility for the trial court. See *Reddick v. State*, 264 Ga. App. 487, 498 (8) (591 SE2d 392) (2003). "Its decision is supported by the record, and we cannot say that it was clearly erroneous." (Citation omitted.) Id.

3. Martin argues that trial counsel failed to file a motion to suppress evidence of prior difficulty between Martin and the victim.

"When urging ineffective assistance of counsel on the basis of counsel's failure to file a motion to suppress, appellant must make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed." (Citations and punctuation omitted.) *Walton v. State*, 217 Ga. App. 773, 775 (2) (a) (459 SE2d 184) (1995).

At trial, the State sought to introduce evidence that Martin had assaulted the victim on a prior occasion. Although he did not file a motion to suppress such evidence, trial counsel did ask for a hearing when the evidence was presented by the State, and a hearing was held outside of the presence of the jury. Moreover, evidence of a defendant's prior acts toward the victim is admissible when the defendant is accused of a criminal act against the victim. *Dixon v. State*, 275 Ga. 232, 233 (2) (564 SE2d 198) (2002); see *Mote v. State*, 277 Ga. 429, 430 (2) (588 SE2d 748) (2003). As the evidence of prior difficulty was admissible, Martin's claim of ineffective assistance on this ground fails.

4. Martin claims that his trial counsel was ineffective in failing to make objections and in failing to file requests to charge. However, Martin has not shown that the failure to request *specific* charges or the failure to make *certain* objections prejudiced his defense. See *Tenant v. State*, 218 Ga. App. 620, 623 (4) (e) (462 SE2d 783) (1995). Decisions as to what objections to make and which charges will be requested generally fall within the realm of trial tactics and strategy. *Rowe v. State*, 263 Ga. App. 367, 370 (5) (587 SE2d 781) (2003); *Berry v. State*, 262 Ga. App. 375, 376-377 (2) (a) (585 SE2d 679) (2003). Martin has therefore failed to carry his burden of proving ineffective assistance.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 4, 2004 —
RECONSIDERATION DENIED MARCH 19, 2004.

*Edward W. Clary*, for appellant.
*Stephen D. Kelley, District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.

