## A08A0036. COWINS v. THE STATE.
(660 SE2d 865)

MIKELL, Judge.

A Douglas County jury convicted Jacob Anthony Cowins of possession of cocaine. Following the denial of his motion for new trial, Cowins contends that the trial court erred in overruling his chain of custody objection to the admission of the cocaine. Finding no error, we affirm.

Construed in favor of the verdict, the evidence shows that at approximately 11:00 a.m. on March 12, 2005, Officer Adam Cannon, an eight-year veteran of the Douglasville Police Department, was

---

patrolling the area of Chicago Avenue and Pound Circle in a marked police car because the Department had received complaints about drug activity in the area, and the Department's special operations unit had made some cocaine buys out of a residence located in the area. Cannon noticed a small black vehicle exit from the driveway of the residence. As the vehicle approached Cannon, he noticed that neither the driver nor the front seat passenger was wearing a seat belt. Before the vehicle reached Cannon's location, the driver pulled into another residence. According to Cannon, "it appeared . . . that [the driver] was trying to avoid passing by me." When Cannon pulled in behind the vehicle to conduct a traffic stop he noticed that a piece of notebook paper covered the license plate. As the vehicle came to a stop, the female passenger exited and attempted to enter the residence. Cannon ordered her to return to the vehicle, and she complied. Cannon identified the driver as Jacob Cowins and the passenger as Danita Johnson. During the stop, Cannon observed Johnson "reaching and fumbling around in her left front pants pocket." According to Cannon, when he asked Johnson to step out of the vehicle and turn her pockets inside out,

> [s]he started to comply and as she reached into her left pocket . . . she reached in and immediately made a drastic and sudden movement as [if] throwing something into the vehicle. Which I observed [to be] a paper towel, a white paper towel sling into the vehicle, and I saw something else come out of the paper towel as it entered into the vehicle.

Cannon handcuffed Johnson and asked Cowins to step out of the vehicle. Cowins told Cannon that Johnson probably threw a pipe into the vehicle. Cannon then asked Cowins "if he had a shooter [crack pot] or a hard [crack cocaine] on him." Cowins did not reply, but reached into his shirt pocket and pulled out a glass pipe, which Cannon described, "was stuffed with Brillo on one end, had burnt marks on the other and was littered with a white residue[,] . . . believed to be crack cocaine." At trial, Cannon identified the glass pipe. Cannon also discovered a "single whitish rock-type substance" of crack cocaine in the same shirt pocket. Cowins told Cannon the substance was a "piece of peanut, not crack cocaine." Cannon then arrested Cowins and searched his vehicle, finding the paper towel and another glass pipe, resembling the first.

At trial, Cannon identified state's Exhibit One as the crack cocaine he found in Cowins's pocket and explained that he heat-sealed the substance into plastic bags bearing his name, Cowins's name, a report number, and the date of the incident. Cannon then placed the bag into a drop box at the police department.

Stephanie Glover, evidence custodian for the Douglasville Police Department, testified that she retrieved the evidence bag from the drop box, transported it to the Georgia Bureau of Investigation (GBI) crime lab for testing, picked it up after testing, and then stored it in a filing cabinet. Glover determined that the heat-sealed bags had not been tampered with at any time, and had been resealed by the crime lab after testing.

Sergeant Ken Winkleplak of the special operations unit of the Douglasville Police Department testified that he tested state's Exhibit One at a pre-trial hearing one week prior to Cowins's criminal trial and that the substance appeared to be consistent with crack cocaine. He explained that the evidence bag containing the substance was sealed and that he cut it open at the hearing.

GBI senior crime lab scientist Jesse Brown identified the bag in state's Exhibit One as that which was turned over to him for analysis. He was able to identify the exhibit because it bore a unique crime lab case number, and his initials were on the seal; however, he acknowledged that the bag was no longer sealed and, therefore, he could not "attest that the actual piece of solid material as crack — as the substance which was in the bag that I proved to be crack cocaine." Brown described the substance as a small rock of solid material that tested positive for cocaine.

At trial, Cowins admitted the pipe was in his pocket, but denied any knowledge of the crack cocaine, opining that Johnson may have put it in his pocket that morning. As similar transaction evidence, the state showed that Cowins had a prior conviction for possessing cocaine.

In his sole enumeration, Cowins contends that the trial court erred in overruling his chain of custody objection to the admission of state's Exhibit One. In this regard, Cowins argues that the state failed to exclude the possibility that someone tampered with the evidence bag after it was opened by Winkleplak.

> To show a chain of custody adequate to preserve the identity of fungible evidence, the [s]tate must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The [s]tate is not required to foreclose every possibility of tampering; it need only show reasonable assurance of the identity of the evidence. We review the trial court's decision on the adequacy of the chain-of-custody evidence under an abuse-of-

discretion standard.[1]

"[I]n proving chain of custody, the state is not required to show that the substance was guarded each minute it is in one's custody."[2] "The [s]tate need only show with reasonable certainty that the substance tested is the same as that seized, with no tampering or substitution."[3]

Here, the state established a chain of custody of the suspected cocaine from Cannon to the GBI crime lab. Brown testified that he received the substance at the crime lab in a heat-sealed bag, analyzed it, and found it to be cocaine. There is absolutely no evidence and no allegation that the substance was in any way tampered with between the time it was seized by Cannon and tested by Brown. While we recognize that a break in the chain of custody occurred after the evidence bag was opened by Winkleplak, that break occurred after Brown tested the evidence and found it to be cocaine. And, even though the jury did not hear the prosecutor advise the trial court that he retained possession of the unsealed bag after it was opened by Winkleplak, the jury heard testimony to the effect that the bag came to court unsealed and that Brown could not confirm its authenticity. "When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight."[4] Under these circumstances, the trial court did not abuse its discretion in admitting the cocaine into evidence.

We find *Phillips v. Williams*,[5] upon which Cowins relies, distinguishable from this case. Our Supreme Court concluded in that case that the state failed to establish with reasonable certainty that the substance tested at the crime lab was the substance seized from the defendant at the crime scene.[6] In that case, there was no evidence that a police officer placed any identifying marks on the evidence bag; no evidence that the bag was placed in a secure location at the police station; no evidence that an officer transported the bag to the crime lab; and no evidence that the crime lab placed any identifying marks on the bag after testing.[7] Here, the state's evidence established all of this and more.

---

[1] (Citations, punctuation and footnotes omitted.) *Maldonado v. State*, 268 Ga. App. 691-692 (1) (603 SE2d 58) (2004). See also *Stringer v. State*, 285 Ga. App. 599, 603 (2) (647 SE2d 310) (2007).

[2] (Punctuation and footnote omitted.) *Dempsey v. State*, 265 Ga. App. 175, 176 (3) (593 SE2d 362) (2004).

[3] (Citation and footnote omitted.) *Maldonado*, supra at 694 (1).

[4] (Citation omitted.) *Ward v. State*, 285 Ga. App. 574, 577 (2) (646 SE2d 745) (2007).

[5] 276 Ga. 691 (583 SE2d 4) (2003).

[6] Id. at 692.

[7] Id.

Moreover, even assuming that the trial court erred in admitting the cocaine, we find that such error was harmless beyond a reasonable doubt given the overwhelming evidence of Cowins's guilt. In this regard, we note that "[t]he illegal drug itself need not be introduced into evidence in order to convict a defendant."[8] The trial testimony discussed above, coupled with the fact that the state introduced Brown's scientific report without objection, even in the absence of state's Exhibit One, is sufficient to sustain Cowins's conviction.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 8, 2008.

*Joseph S. Key*, for appellant.
*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.

---

[8] (Citation omitted.) *Garrett v. State*, 253 Ga. App. 779, 783 (4) (560 SE2d 338) (2002).
[1] Ga. L. 2003, p. 16, § 5, eff. July 1, 2003.