A09A0608. SCOTT v. THE STATE.
(680 SE2d 482)

MILLER, Chief Judge.

Following a jury trial, Justin E. Scott was convicted of a single count of trafficking in cocaine (OCGA § 16-13-31). He filed an amended motion for new trial, which was denied. Scott now appeals, alleging that the trial court erred in (i) admitting evidence of contraband absent a proper chain of custody; (ii) failing to grant a motion for continuance, or in the alternative, motion for mistrial; and (iii) failing to grant his motion for directed verdict. Scott also contends that he received ineffective assistance of counsel. For the reasons that follow, we disagree and affirm.

---

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that on September 11, 2007, Officer John Starnes of the Hogansville Police Department observed a 2002 Ford Mustang cross over into the emergency lane on Interstate 85 south. Officer Starnes stopped the vehicle, driven by Scott, and asked Scott for his driver's license and registration. Hands shaking and stuttering, Scott replied that he did not have the requested items. The passenger, Janah Spooner, looked straight ahead and made no eye contact with Officer Starnes. When asked by the officer where they were coming from, Scott stated that they had just come from Atlanta after visiting a friend. Officer Starnes asked Scott to step out of the vehicle to its rear, called a backup unit, and patted him down. When the officer inquired whether there was anything illegal in the vehicle, Scott stated that he "does not do drugs any more."

Thereafter, Officer Raymond Gates arrived on the scene and stood with Scott while Officer Starnes went back to talk with Spooner, who was still seated in the car. When Officer Starnes asked Spooner where they were coming from, she stated that they had been "riding around" in Newnan and were returning to Auburn, Alabama. After determining that the vehicle belonged to Spooner, Officer Starnes asked for her consent to search the vehicle, and Spooner agreed. As Spooner got out of the vehicle, she asked whether she could smoke a cigarette. Officer Starnes stated that she could but asked her to leave her purse in the vehicle. Upon searching her purse for weapons, Officer Starnes found a clear bag containing white powder, and subsequently arrested Scott and Spooner for possession of cocaine.

After being transported to the police station and *Mirandized* by Officer Starnes, Spooner agreed to speak with him and gave a written statement, which indicated that Scott had been given a bag of cocaine by a black male at a Newnan Zaxby's. Scott, in turn, had given it to her just prior to being pulled over. At trial, Spooner repeated this rendition of events, adding that she had loaned Scott her vehicle thinking that they were going to Newnan to purchase marijuana.

In other testimony at trial, Jessica Revis indicated that while she had allowed Scott to use her car on the day in issue, she had refused to loan it to him for a trip to Newnan because she did not want her car used for an illegal purpose. She believed that he was going there to get some cocaine or "white lady."

1. Scott argues that the trial court erred in admitting the cocaine into evidence absent a proper chain of custody. We disagree.

We review the trial court's decision on the adequacy of the chain of custody evidence under an abuse of discretion standard. *Cowins v.*

*State*, 290 Ga. App. 814, 816-817 (660 SE2d 865) (2008).

> To show a chain of custody adequate to preserve the identity of fungible evidence, the [S]tate must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The [S]tate is not required to foreclose every possibility of tampering; it need only show reasonable assurance of the identity of the evidence.

(Citations omitted.) *Smith v. State*, 291 Ga. App. 353, 354-355 (3) (662 SE2d 176) (2008).

Here, the State met its burden through the testimony of the officers who collected and transported the evidence, and the Georgia Bureau of Investigation (GBI) Crime Lab forensic chemist who tested the cocaine. This evidence adequately established a proper chain of custody. *Smith*, supra, 291 Ga. App. at 354-355 (3).

Assuming arguendo that the trial court erred in allowing Officer Randy Mobley to complete the chain, his testimony was not required to authorize admission of the contraband. "[T]he fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible." (Citation and punctuation omitted.) *Gassett v. State*, 289 Ga. App. 792, 795 (3) (658 SE2d 366) (2008) (although the State failed to present testimony from the officer who transported the evidence to the Crime Lab, the evidence adequately established a proper chain of custody).

2. Scott contends that the trial court erred in failing to grant a continuance, or in the alternative, a mistrial, based on the State's non-disclosure of a chain of custody witness prior to trial. We are not persuaded.

"The decision whether to grant or deny a motion for continuance lies within the trial court's sound discretion and this Court will not interfere absent abuse of that discretion." (Citations and punctuation omitted.) *Gassett*, supra, 289 Ga. App. at 794 (2); OCGA § 17-8-22. We also review the "denial of a motion for mistrial under an abuse of discretion standard." (Footnote omitted.) *Hamilton v. State*, 293 Ga. App. 297, 300 (3) (666 SE2d 630) (2008).

During its case-in-chief, the State determined that Officer Mobley was the witness who took the drugs to the crime lab, a fact not previously established by Officer Starnes, and so informed trial counsel and the trial court. The prosecutor indicated that the witness was available for trial counsel to interview, and expressed her desire to complete the chain of custody with Officer Mobley since the issue of who took the drugs to the crime lab was raised during the cross-examination of Officer Starnes. Trial counsel objected to

Officer Mobley's testimony and the admission of a new crime lab report because the witness' name was not previously provided to him in the State's witness list, in violation of discovery rules. Trial counsel moved for a continuance, which the trial court denied, but allowed trial counsel an opportunity to talk with Officer Mobley before he testified. Scott also moved for a mistrial on the same grounds, but the trial court denied the motion.

> Upon learning of a discovery violation, the trial court, in its discretion, may order the [S]tate to permit . . . [an] interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the [S]tate from . . . presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

(Punctuation and footnote omitted.) *Arnold v. State*, 253 Ga. App. 307, 310 (2) (560 SE2d 33) (2002). Here, the trial court's remedy to allow trial counsel an opportunity to interview Officer Mobley before he testified was a reasonable one. Id. (absent prejudice and bad faith, "an interview of the witness is the remedy for failure to comply with the requirement that a witness must be identified prior to trial") (punctuation and footnote omitted). The State apparently did not know about Officer Mobley's involvement in the case prior to trial, as the issue was raised during cross-examination of Officer Starnes. Scott also presented no evidence of bad faith. Given the foregoing, the trial court did not abuse its discretion in denying Scott's motion for continuance, or in the alternative, for a mistrial. *Gassett*, supra, 289 Ga. App. at 794 (2); *Hamilton*, supra, 293 Ga. App. at 300 (3).

3. Scott argues that the trial court erred in denying his motion for directed verdict. We discern no error.

"The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." (Footnote omitted.) *Hamilton*, supra, 293 Ga. App. at 300 (2).

The evidence in this case included eyewitness testimony from Spooner that Scott possessed the cocaine after receiving it from a black male at Zaxby's and that he subsequently gave it to her to hide it. Revis also testified that Scott intended to get cocaine in Newnan. Further, Scott's nervousness at the scene presented circumstantial evidence of his knowledge of the drugs. Given the foregoing, the trial court did not err in denying Scott's motion for a directed verdict where, as here, the evidence was sufficient to enable a rational trier of fact to find that Scott was guilty, beyond a reasonable doubt, of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781,

61 LE2d 560) (1979).

4. Finally, Scott variously challenges the effectiveness of trial counsel. "To prevail on this claim, [Scott] has the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different." (Citation and punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 25 (7) (619 SE2d 731) (2005).

(a) Scott claims that his trial counsel was ineffective in failing to file a motion to suppress. We do not agree.

"It is not deficient to fail to file a motion which is frivolous." (Citation and punctuation omitted.) *Shorter v. State*, 239 Ga. App. 625, 626 (1) (521 SE2d 684) (1999). "Even if a deficiency did result from trial counsel's failure to file a motion to suppress, [Scott's] burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed." (Citation and punctuation omitted.) Id. Here, Scott had no standing to challenge the legality of the officer's search of Spooner's purse because he had no privacy interest in it. See *Robinson v. State*, 226 Ga. App. 406, 408-409 (2) (486 SE2d 667) (1997) (absent evidence of a privacy interest in the thing searched, defendant has no standing to object to search). Further, Spooner was the owner of the car and voluntarily consented to the search of the car. Given the foregoing, Scott was not denied effective assistance of trial counsel on this account.

(b) Scott claims his trial counsel was deficient in failing to request jury charges on equal access, presumption of ownership, leniency to a witness, and a lesser included offense. This contention is without merit.

"Decisions as to . . . which charges will be requested generally fall within the realm of trial tactics and strategy." (Citations omitted.) *Martin v. State*, 266 Ga. App. 392, 394 (4) (597 SE2d 445) (2004).

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Citation and punctuation omitted.) *Pittman v. State*, 208 Ga. App. 211, 215 (3) (430 SE2d 141) (1993). See also Suggested Pattern Jury

Instructions, Vol. II: Criminal Cases (2007), § 2.76.20.[1]

Scott's trial counsel testified at the new trial hearing that the equal access charge was inapplicable because the drugs were found in Spooner's purse, not in her car, and conceded that the inference of possession charge might have applied because the drugs were found in Spooner's purse, which was in her car. We agree that the equal access charge was inapposite. Because we find that the inference of possession charge could have operated to Scott's detriment since he was the driver of the vehicle, we find no error in his failure to request this charge. *Pittman*, supra, 208 Ga. App. at 215 (3). Based on the foregoing, we find that trial counsel's decision to not request either charge was a reasonable trial tactic. *Martin*, supra, 266 Ga. App. at 394 (4). Even were it otherwise, Scott cannot show that he was prejudiced by his trial counsel's failure to request the aforementioned jury charges.

Scott's trial counsel was also not ineffective in failing to request a jury charge on leniency, which reads:

> In assessing the credibility of a witness, you may consider any possible motive in testifying, if shown. In that regard you are authorized to consider any possible pending prosecutions, negotiated pleas, grants of immunity or leniency, or similar matters. You alone shall decide the believability of the witnesses.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007), § 1.31.80. Spooner testified that she had pled guilty to the lesser included offense of possession of cocaine with intent to distribute, and the State was recommending a sentence of five years probation if she testified truthfully at Scott's trial. She also testified that she initially refused to give a statement. On cross-examination, trial counsel established that Spooner changed course and gave a statement blaming Scott for the drugs once she learned that she could go to jail for the drugs, and the police told her that "if it wasn't [hers,] that it wasn't worth [her] going down for it." When asked why he did not request a charge on leniency, trial counsel testified that he "hammered the point pretty clearly" when he examined Spooner,

---

[1] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007), § 2.76.20 provides:
If you determine from the evidence that persons other than the defendant had equal opportunity to possess or place the articles of contraband upon the described premises, then, and in that event, you should acquit the defendant, unless it is shown beyond a reasonable doubt that the defendant knowingly possessed the contraband or shared possession or control with another person and helped or procured the other person in possessing and having control of the contraband.

believing that the jury understood her incentive to enter into a plea bargain with the State in order to avoid jail time. Given the foregoing and the trial court's charge on credibility of the witnesses, trial counsel's decision not to request a charge on leniency was a reasonable trial tactic.

Similarly, Scott has failed to meet his burden to show that his trial counsel's failure to request a charge on a lesser included offense was not a reasonable trial strategy or that he was prejudiced by such omission. *Martin*, supra, 266 Ga. App. at 394 (4); *Johnson*, supra, 275 Ga. App. at 25 (7).

(c) Scott also contends that his trial counsel rendered ineffective assistance by failing to object to the testimony of Jessica Revis, arguing that she was not on the State's witness list, and that counsel failed to examine her about the different time zones in Georgia and Alabama. Again, we find no error.

Pretermitting whether trial counsel was deficient for failing to object to Revis' testimony, Scott has not established that there is a reasonable probability he would have been acquitted had his trial counsel objected to her testimony. *Johnson*, supra, 275 Ga. App. at 25 (7). Further, Scott made no showing at his motion for new trial hearing as to how Revis would have testified, and therefore cannot establish that his trial counsel's failure to elicit testimony about the difference in the Central and Eastern time zones prejudiced his defense. See *Jividen v. State*, 256 Ga. App. 642, 646-647 (1) (d) (569 SE2d 589) (2002) (appellant failed to call potential witnesses at the new trial hearing and thus could not show prejudice resulted from their absence at trial).

(d) Scott contends that his trial counsel was ineffective in failing to object to the introduction of Spooner's written statement into evidence, which was not provided to Scott. This contention also lacks merit.

The evidence shows that trial counsel opted into reciprocal discovery provisions, which entitled him to Spooner's written statement. *Dorsey v. State*, 261 Ga. App. 181, 185 (3) (582 SE2d 158) (2003) (under Georgia's reciprocal discovery scheme (OCGA § 17-16-1 et seq.), a defendant who opts into the statute is entitled, among other things, to discovery of any witness' statements in the State's possession). At the new trial hearing, trial counsel could not recall if he had provided Spooner's written statement to Scott, but he believed that he had. He testified that if he did not receive the statement in discovery, he would have objected to its absence. To refresh defense counsel's recollection of whether he received a copy of Spooner's written statement, the State showed him a copy of a certificate of service, purporting to represent service of Spooner's statement upon counsel prior to trial. After reviewing the document, trial counsel affirmed

that the State did serve him with Spooner's statement. Under these circumstances, we find that there was no reasonable basis to object to the admissibility of Spooner's written statement. Thus, "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance." (Citation and punctuation omitted.) *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004).

(e) Scott claims that his trial counsel rendered ineffective assistance by failing to object to Officer Starnes' testimony that he knew the drugs belonged to Scott and that Scott refused to give a statement. Again, we disagree.

When the State asked the officer why he arrested both Scott and Spooner, he testified that Spooner possessed the drugs, but he "knew from the way [Scott] was acting at the [police station] and on the side of the road, I knew the cocaine wasn't hers. I knew it was his. But I had to arrest both of them. [Scott] refused to give me a written statement at the [police station]." At the new trial hearing, trial counsel testified that he believed the officer's testimony was allowable, and in any event, explained that he had not wanted to draw attention to the officer's comment because he felt that it showed "his bias as a police officer, assuming somebody's guilty." "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citations and punctuation omitted.) *Dyer v. State*, 295 Ga. App. 495, 498 (1) (672 SE2d 462) (2009). As counsel made a strategic decision in this regard, his failure to object to Officer Starnes' comments did not constitute ineffective assistance.

Moreover, any error in failing to object to the officer's response was harmless beyond a reasonable doubt because the evidence of Scott's guilt was strong and the officer's comment about Scott's refusal to provide a statement was gratuitous and nonresponsive to the State's question about his reasons for arresting Scott and Spooner. See *Kania v. State*, 280 Ga. App. 356, 358 (2) (634 SE2d 146) (2006) ("to reverse [a] conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury . . .") (citations and punctuation omitted). Since we have found that any error was harmless, Scott cannot establish that he was prejudiced by his trial counsel's failure to object to this testimony.

(f) Scott contends that his trial counsel was ineffective in failing to object or move for a mistrial as to a confusing verdict form. We find no error.

After the complained of verdict form was provided to the jury, the trial court reviewed it and commented that it was confused by the manner in which the weight and purity of the cocaine was listed,

and thought it might be confusing to the jury. Consequently, the trial court modified the same and provided the jury with a new verdict form. Given the foregoing, and absent any evidence that the initial verdict form was invalid, Scott cannot show that trial counsel's failure to object to either verdict form was deficient.

For the reasons set forth above, we affirm the trial court's order denying Scott's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

## DECIDED JUNE 16, 2009.

*John D. Rasnick*, for appellant.

*Peter J. Skandalakis, District Attorney, Monique L. Fouque, Lynda S. Caldwell, John B. Cunningham, Assistant District Attorneys*, for appellee.