### A10A1455. YATES v. THE STATE.
(699 SE2d 43)

MIKELL, Judge.

Antonio Yates was convicted of possession of cocaine with intent to distribute and misdemeanor obstruction of an officer. On appeal, he argues that the evidence is insufficient to show that he intended to distribute the cocaine. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in a light favorable to the verdict, and [Yates] no longer enjoys a presumption of innocence. We neither weigh the evidence nor resolve issues of witness credibility, but determine only whether the evidence was sufficient to allow a rational trier of fact to find the accused guilty beyond a reasonable doubt.[1]

Properly viewed, the evidence adduced at trial shows that on August 31, 2009, Mitchell County Sheriff's Investigator Justin Mobley, accompanied by investigator Vernon Nobles, approached Yates on Church Street in Camilla and asked if he had been selling drugs. Yates said "no." Mobley asked permission to search Yates. He responded "hell, no" and tried to flee. The investigators tackled Yates and arrested him.

---

[1] (Citation omitted.) *Smith v. State*, 291 Ga. App. 353 (1) (662 SE2d 176) (2008).

Nobles testified that while he and Yates were struggling, he observed Yates reach into his pants pocket and pull out a white pill bottle. The bottle, which landed nearby, contained 2.09 grams of crack cocaine.

Yates argues that the evidence recounted above shows mere possession of cocaine, which without more, will not support a conviction for possession with intent to distribute.[2] But in this case, additional evidence, in the form of Mobley's testimony, proved intent to distribute.

> A qualified expert may offer opinion testimony regarding his knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution. Such expert testimony, coupled with evidence of the amount of cocaine found in the defendant's possession, is admissible to prove the defendant's intent to distribute the controlled substance.[3]

In this regard, Mobley testified that based on his training and experience in narcotics enforcement, the amount of cocaine found on Yates was consistent with an intent to distribute. Mobley explained that generally, a user possesses one-tenth or two-tenths of a gram, or a ten or twenty dollar rock, "just enough . . . to use one time to get their fix." According to Mobley, the amount of cocaine in the pill bottle, 2.09 grams, was worth approximately $200, which is an indication that the person was selling or distributing cocaine.

Yates contends that the state offered no expert testimony, apparently arguing that Mobley's testimony was insufficient to establish Yates's intent to distribute. We disagree. "[E]ven if police officers are not formally tendered as expert witnesses, if an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted."[4] Here, Yates initially objected when Mobley was asked his opinion concerning the significance of the amount of cocaine in the pill bottle. The trial court sustained the objection on the ground that the state had not laid a proper foundation for Mobley to render expert testimony as to intent to distribute. The state then laid an adequate foundation with respect to Mobley's experience and training, and Yates lodged no further objection. Thus, Mobley's testimony was properly admitted,

---

[2] *Marshall v. State*, 273 Ga. App. 17, 20 (2) (b) (614 SE2d 169) (2005).

[3] (Citation omitted.) Id. Accord *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998).

[4] (Punctuation and footnote omitted.) *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005).

and the evidence was sufficient to support Yates's conviction of possession of cocaine with intent to distribute.[5]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 8, 2010.

*Ronald R. Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Michael T. Garrett, Assistant District Attorney*, for appellee.

---

[5] *Smith*, supra at 353-354 (1); *Daniels v. State*, 278 Ga. App. 263, 266 (2) (628 SE2d 684) (2006) (whole court); *Marshall*, supra; *Burse*, supra at 730-731 (1).