This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39210**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**GABRIEL LUCERO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Jarod K. Hofacket, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Gabriel Lucero appeals his conviction for trafficking a controlled substance, by possession with intent to distribute (NMSA 1978, § 30-31-20 (2006)). Defendant raises numerous issues on appeal relating to (1) the admission of expert testimony by nonexpert witnesses, (2) the State's failure to provide notice of that expert testimony, (3) the jury instructions, (4) the denial of a motion to exclude certain testimony, (5) the excusal of a prospective juror, (6) cumulative trial error, (7) the sufficiency of the evidence, (8) the admissibility of evidence at sentencing, and (9) the nonexcusal of the sentencing judge. We conclude the district court committed reversible

error by admitting—as lay testimony—the arresting officers' opinions that the circumstances of this case were consistent with drug trafficking and inconsistent with personal use. Because Defendant's conviction is supported by sufficient evidence, we remand for a new trial. We accordingly do not reach the remaining claims of error.

## BACKGROUND

**{2}** Silver City Police Officers Javier Hernandez and Jory Bascom conducted a search incident to a lawful arrest of Defendant pursuant to an outstanding warrant. The search uncovered a pill bottle containing eleven individually wrapped baggies, or "bindles," of cocaine, weighing a total of 5.16 grams, and five twenty dollar bills in a money clip, but no paraphernalia for ingesting the drug. Defendant was subsequently charged with trafficking cocaine.

**{3}** Prior to trial, the State did not disclose Officers Hernandez and Bascom as expert witnesses. Nonetheless, at trial, the State elicited testimony from each officer that the circumstances of this case were more consistent with Defendant possessing cocaine for the purpose of trafficking, rather than for personal use. Both lines of questioning drew objections on the ground that such testimony constituted expert opinions for which no notice had been given and, at any rate, the officers were not qualified to give. The State contended the testimony was lay testimony, and the district court overruled the objections. Although the district court judge acknowledged the testimony was based on the officers' training and experience, the judge concluded it was lay testimony, not based on scientific or specialized knowledge, but on "common sense."

**{4}** Officer Hernandez opined that, based on his experience as a police officer, finding "one, maybe two" "bindles" of cocaine on a person would be consistent with personal use only, but "definitely not eleven." He added that, in a case of simple possession, it would be common to find on the person searched a device to ingest the cocaine, like a pipe, straw, or rolled-up dollar bill—none of which were found on Defendant. Officer Bascom testified similarly. He opined that the amount and packaging of the drug were consistent with trafficking and not personal use. He added that the cocaine's value of five hundred dollars made Defendant's possession of it inconsistent with personal use.

**{5}** The jury convicted Defendant of drug trafficking, and Defendant appeals.

## DISCUSSION

**{6}** We first consider whether the district court erred by admitting, as lay testimony, Officers Hernandez and Bascom's opinions differentiating drug traffickers from drug users. Concluding this was error, we next address whether the error was harmless. Because it was not, we reverse. Finally, we evaluate whether Defendant's conviction is supported by sufficient evidence such that retrial will not be barred.

## I. The District Court Erred by Admitting the Officers' Opinions as Lay Testimony

{7}     We generally "review the admission of evidence for an abuse of discretion." *State v. Vargas*, 2016-NMCA-038, ¶ 10, 368 P.3d 1232. "A court abuses its discretion when its evidentiary rulings indicate a misapprehension of the law." *Id.* We review de novo "[t]he threshold question of whether the trial court applied the correct evidentiary rule or standard." *State v. Carrillo*, 2017-NMSC-023, ¶ 26, 399 P.3d 367 (internal quotation marks and citation omitted).

{8}     The rules of evidence distinguish between lay and expert testimony. Rule 11-702 NMRA provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." If, on the other hand, "a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge." Rule 11-701(C) NMRA. Generally speaking, then, lay testimony is that which "is based on personal perception or personal observation by the witness" and is "confined to matters which are within the common knowledge and experience of an average person." *Vargas*, 2016-NMCA-038, ¶ 15 (internal quotation marks and citation omitted). As relevant here, "testimony moves from lay to expert if an officer is asked to bring [their] law enforcement experience to bear on [their] personal observations and make connections for the jury based on that specialized knowledge." *Id.* ¶ 19 (internal quotation marks and citation omitted). The district court errs when it admits expert testimony under the guise of lay testimony. *See id.* ¶ 10.

{9}     Defendant contends the district court erred by admitting—as lay testimony—the officers' opinions that the circumstances in this case were consistent with drug trafficking and inconsistent with personal use. The State effectively concedes this point. For the reasons that follow, we agree with the parties. *See State v. Comitz*, 2019-NMSC-011, ¶ 25, 443 P.3d 1130 (observing that an appellate court is not bound by the state's concession, and independently assessing the defendant's claims).

{10}    It is evident that the testimony at issue here—i.e., opinions differentiating the indicia of drug trafficking from personal drug use—constitutes expert testimony. *See generally State v. Rael-Gallegos*, 2013-NMCA-092, ¶ 30, 308 P.3d 1016 (providing that "an officer may testify *as an expert* and offer his or her opinion as to a trafficking amount versus personal use amount of narcotics" (emphasis added)). Contrary to the district court's understanding, both officers' testimony was grounded in specialized knowledge and not based on "common sense," or knowledge possessed by the average person. *See id.* ¶ 36 ("[T]he amount of drugs for use versus for trafficking is not typically within a layperson's knowledge." (alterations and internal quotation marks omitted)). By testifying as to indicia separating drug trafficking from simple drug use, both officers brought their "law enforcement experience to bear on [their] personal observations," and they both "ma[de] connections for the jury based on that specialized knowledge."

*Vargas*, 2016-NMCA-038, ¶ 19 (internal quotation marks and citation omitted); *cf. id.* ¶¶ 22-23 (holding that an officer's testimony regarding stun guns was expert testimony because it was "based upon his law enforcement training and experience, rather than . . . life experience outside the law enforcement context"); *State v. Duran*, 2015-NMCA-015, ¶¶ 17-18, 343 P.3d 207 (holding that the district court erred in allowing a forensic interviewer to offer an opinion under Rule 11-701 when the testimony was based on specialized knowledge and, hence, constituted an expert opinion). We thus conclude that the district court erred by permitting Officers Hernandez and Bascom to propound expert opinion testimony on the ground they were merely offering lay testimony.

**{11}**   In an attempt to avoid reversal on this point, the State suggests the officers were qualified to provide the expert opinion testimony. In essence, without explicitly saying so, the State asks us to employ the "right for any reason" doctrine, in which an appellate court may, under certain circumstances, uphold a trial court's decision if it is right for any reason. *See State v. Wilson*, 1998-NMCA-084, ¶ 17, 125 N.M. 390, 962 P.2d 636. We decline to do so.

**{12}**   Neither the State's answer brief nor the record support affirming the district court on the ground that the officers were qualified to offer expert opinions differentiating drug trafficking and personal use. *See State v. Torrez*, 2009-NMSC-029, ¶¶ 15, 21-22, 146 N.M. 331, 210 P.3d 228 (providing that, to admit expert testimony, a district court must both (1) determine that the witness is qualified to opine on the subject, and (2) "exercise its gate-keeping function [to] ensure that the expert's testimony is reliable").[1] In support of its contention that the officers were qualified to provide the expert testimony at issue, the State cites only the fact that the officers "both had nearly four more years of experience [since Defendant was arrested], and Officer Bascom . . . had also been a detective for more than three years." Beyond this, there is little foundational evidence in the record to support the State's contention. Officer Hernandez testified only that he was a graduate of the police academy and previously had "worked on drug cases." Officer Bascom testified only that he had "worked on drug cases in the past" and had arrested and charged people with possession of a controlled substance. The State does not explain how this experience was sufficient to qualify the officers to opine on the indicia separating drug trafficking from simple drug use. *See Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-006, ¶ 20, 127 N.M. 1, 976 P.2d 1 ("While we could affirm a trial ruling which is right for the wrong reason, we may not do so in the absence of any substantial evidence supporting what would be the right reason." (citation omitted)). Nor does the State direct us to any authority suggesting that such a bare foundation would so qualify these officers.[2] *See State v. Guerra*, 2012-NMSC-027,

---

1The State makes no argument specifically addressing the additional foundational requirement of expert testimony—that it be reliable. *See Torrez*, 2009-NMSC-029, ¶ 22 (providing that, while both foundational prerequisites consider the witness's skills, experiences, training, and education, "the two inquiries are not identical"). We therefore give this requirement no further consideration.

2The State's reliance on *Yates v. State*, 699 S.E.2d 43 (Ga. Ct. App. 2010), is misplaced. True enough, Officer Bascom's unchecked expert testimony was "very similar" to that given by the officer in *Yates*. The issue in *Yates*, however, was not whether the officer was qualified to testify as an expert. *See id.* at 44 ("The state . . . laid an adequate foundation with respect to [the officer's] experience and training, and [the defendant] lodged no . . . objection."). It instead was whether the officer's testimony was sufficient to

¶ 42, 284 P.3d 1076 (assuming no authority in support of an argument exists, where none is cited). *See generally Rael-Gallegos*, 2013-NMCA-092, ¶ 25 (holding that the district court did not abuse its discretion in deeming the officer qualified "to testify as an expert in distinguishing between possession and trafficking narcotics," where "[her] experience spanned the gamut of the field of narcotics investigation, undercover work, and teaching" and "equipp[ed] her with sufficient knowledge and experience" to so testify). In light of these deficiencies, we decline the State's invitation to affirm on right for any reason grounds. *See State v. Serna*, 2018-NMCA-074, ¶¶ 32-34, 429 P.3d 1283 (declining to decide an undeveloped, right for any reason argument); *State v. Randy J.*, 2011-NMCA-105, ¶¶ 27-30, 150 N.M. 683, 265 P.3d 734 (same).[3]

**{13}** For these reasons, we reject the State's suggestion that we affirm on right for any reason grounds, and we conclude that the district court erred in admitting the officers' opinion testimony.

## II.    The Error Was Not Harmless

**{14}** It is well understood that "[i]mproperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful." *Carrillo*, 2017-NMSC-023, ¶ 39 (internal quotation marks and citation omitted). Since the district court's error was a nonconstitutional, evidentiary error, we will reverse only if there is a reasonable probability the error affected the verdict. *See Vargas*, 2016-NMCA-038, ¶ 24. To determine the likely effect of the error, we must evaluate all of the circumstances, including other evidence of the defendant's guilt, the importance of the erroneously admitted evidence to the prosecution's case, the cumulative nature of the error, as well

---

establish the defendant's intent to distribute. *Id.* Simply put, *Yates* says nothing about whether the officers in this case were qualified to give the opinions they offered.

3Even were we to overlook the deficiencies in the State's argument, we question, as a general matter, the applicability of the right for any reason doctrine in this context—where the inquiry involves what appears to be a fact-based, quintessential trial-court function and where affirming on this basis would seem to be unfair to the defendant. An appellate court may not "assume the role of the district court and delve into fact-dependent inquiries" to affirm a ruling as right for any reason. *Randy J.*, 2011-NMCA-105, ¶ 28. But that is precisely what the State seems to be asking us to do by requesting that we, in the first instance, determine that the testimony of Officers Hernandez and Bascom met the foundational requirements for offering expert testimony. *See Carrillo*, 2017-NMSC-023, ¶ 38 (providing that the district court, as gatekeeper, must both ensure that a witness offering an expert opinion is qualified to offer that opinion, and also assess the opinion's reliability); *cf. State v. Torres*, 1999-NMSC-010, ¶ 28, 127 N.M. 20, 976 P.2d 20 (providing that "the determination of whether to admit or exclude particular testimony under [the *Alberico-Daubert*] standard may result from an inquiry that is essentially factual" (internal quotation marks and citation omitted)). Moreover, affirming on right for any reasons grounds risks unfairness to Defendant. *See Serna*, 2018-NMCA-074, ¶ 29 ("This Court will affirm a district court's decision under the right for any reason doctrine so long as the circumstances do not make it unfair to the appellant to affirm." (internal quotation marks and citation omitted)). Defense counsel, at trial, repeatedly objected to the officers' opinions as expert testimony for which no notice had been given under Rule 5-501 NMRA. *See* Rule 5-501(A)(5) (requiring the state to "identify[] any witnesses that will provide expert testimony and indicat[e] the subject area in which they will testify"). This lack of notice, Defendant contends, prejudiced his defense in that he retained no expert to counter the State's undisclosed experts. Under these circumstances, affirming on right for any reason grounds would countenance the State's disregard of its discovery obligations at the risk of unfairly prejudicing Defendant.

as the source of, and emphasis placed on, the error. *See State v. Tollardo*, 2012-NMSC-008, ¶ 43, 275 P.3d 110.

**{15}**   Defendant argues that the error was not harmless given the officers' testimony went to "the central issue" the jury confronted—i.e., whether Defendant intended to distribute the cocaine he indisputably possessed. *See State v. Cabral*, 2021-NMCA-051, ¶ 35, 497 P.3d 670 ("[A d]efendant bears the initial burden of demonstrating that he was prejudiced by the [evidentiary] error." (internal quotation marks and citation omitted)). Although, as Defendant concedes, the fact that the cocaine was found in eleven separate bindles provides *some* evidence of intent to distribute, we agree with Defendant that both officers' testimony bore greatly on that issue and played an important role in the State's case. *See State v. Leyba*, 2012-NMSC-037, ¶ 24, 289 P.3d 1215 ("To put the error in context, we often look at the other, non-objectionable evidence of guilt, not for a sufficiency-of-the-evidence analysis, but to evaluate what role the error played at trial."); *see also Vargas*, 2016-NMCA-038, ¶ 25 (concluding that the erroneously admitted lay testimony was harmful where it "was the most authoritative" evidence of the defendant's guilt). "Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." *State v. Knight*, 2019-NMCA-060, ¶ 15, 450 P.3d 462 (internal quotation marks and citation omitted). Officers Hernandez and Bascom's testimony effectively served as a guide for the jury in interpreting the circumstantial evidence of Defendant's intent. Furthermore, notwithstanding the State's lack of emphasis on the improperly admitted testimony in closing, this testimony was not cumulative of other, nonobjectionable evidence, in that it introduced new facts not otherwise available to the State. *See Duran*, 2015-NMCA-015, ¶¶ 23-26 (explaining that the improperly admitted lay testimony introduced a new fact and concluding, notwithstanding the state's lack of emphasis on the testimony, that the testimony was harmful because it was important to the state's case). Lastly, the State, not Defendant, was "the source of the error." *Id.* ¶ 22 (internal quotation marks and citation omitted).

**{16}**   In light of the foregoing—and given both that the State bears the ultimate burden of proving the error harmless and that it fails to make any argument in this regard—we conclude there is a reasonable probability the error affected the jury's verdict. *See State v. Patterson*, 2017-NMCA-045, ¶ 19, 395 P.3d 543 (observing that the state bears the burden to prove that an evidentiary error is harmless, and that, in the absence of an argument why the error was harmless, this Court will not guess at what that argument might be); *see also State v. Serna*, 2013-NMSC-033, ¶ 32, 305 P.3d 936 (concluding that a nonconstitutional error was harmless where "the [s]tate satisfies [the appellate court] that there is no reasonable probability that [the improperly admitted evidence] affected th[e] verdict and contributed to [the d]efendant's convictions" (internal quotation marks omitted)).

**{17}**   We accordingly reverse Defendant's conviction.

### III.   Retrial Is Not Barred Because Sufficient Evidence Supports Defendant's Conviction

**{18}** We briefly consider Defendant's contention that insufficient evidence supports his conviction because, if that were the case, retrial would be barred under the principles of double jeopardy. *See State v. Catt*, 2019-NMCA-013, ¶¶ 7, 23, 435 P.3d 1255. "When determining whether a case should result in dismissal or retrial, we must determine whether the evidence was sufficient to support the convictions and in doing so, we consider all the evidence, including evidence that was improperly admitted." *State v. Lopez*, 2009-NMCA-044, ¶ 27, 146 N.M. 98, 206 P.3d 1003; *see also State v. Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487 (same).

**{19}** New Mexico applies the "surrounding circumstances" test to determine whether sufficient evidence supports a trafficking conviction where a defendant possesses a relatively small amount of a controlled substance. *See State v. Hubbard*, 1992-NMCA-014, ¶ 15, 113 N.M. 538, 828 P.2d 971 ("If the amount of an illegal drug found in an accused's possession is not by itself sufficient to prove inconsistency with personal use, then the state must present testimony that the amount of drugs in the accused's possession is inconsistent with personal use or that the other items found in possession of the accused, such as drug paraphernalia or significant sums of cash, show that the accused intends to transfer drugs." (citation omitted)). We consider the evidence in the light most favorable to the verdict, indulging all reasonable inferences and resolving all conflicting evidence in its favor. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

**{20}** As noted, Defendant admits there was at least "some" evidence of trafficking, in that the cocaine was packaged in eleven individual bindles. Beyond this, Officers Hernandez and Bascom testified that possession of this many individual bindles was consistent with trafficking; that possession of the total amount of drugs was inconsistent with personal use; and that a drug user would typically possess paraphernalia for ingesting drugs—something not found on Defendant. All this evidence points to Defendant's intent to distribute the cocaine he possessed. While Defendant argues that the total amount of drugs he possessed may have been consistent with personal use, it is not our role to weigh competing inferences. *See State v. McGee*, 2002-NMCA-090, ¶ 20, 132 N.M. 537, 51 P.3d 1191 ("This Court does not substitute its judgment for that of the fact-finder, nor do we re-weigh the evidence."). Because sufficient evidence supports Defendant's conviction for trafficking, we remand this case for retrial.

## CONCLUSION

**{21}** For the foregoing reasons, we reverse Defendant's conviction and remand to the district court for a new trial. We do not reach Defendant's remaining claims of error because they are rendered moot by our disposition or are otherwise unlikely to arise in the same manner on remand.

**{22}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KATHERINE A. WRAY, Judge**